UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS A. BOUND,                                CASE NO.:

    Plaintiff,

v.

GRAND BAHAMA CRUISE LINE, LLC,
and CRUISE OPERATOR, INC.,

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendant, CRUISE OPERATOR, INC. (the "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and (c), and 1446, with full reservation of all defenses, hereby removes this action from the State Court of Cobb County, State of Georgia, to the United States District Court, Northern District of Georgia, Atlanta Division. In support of this Notice of Removal, Defendant states as follows:

### I. Background

1. On or about July 7, 2015, Plaintiff Thomas A. Bound ("Plaintiff") filed a Complaint instituting this lawsuit in the State Court of Cobb County, State of Georgia, Case No. 15 A 1639-2 (the "Complaint"). A true and correct copy of

22552661:4

*Bound v. Grand Bahama Cruise Line, LLC, et al.*
Defendant, Cruise Operator, Inc.'s Notice of Removal

the Complaint is attached hereto as Exhibit "A." The suit arises from alleged pre-recorded telephone solicitation calls to Plaintiff's residential and cellular telephone by Defendant offering Plaintiff a "free cruise," which Plaintiff alleges violated the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Fair Business Practices Act of 1975, O.C.G.A. § 10-1-390 *et seq*. *See* Complaint at ¶ 3 and ¶ 4–55.

2. On or about July 17, 2015, Defendant received a copy of the Complaint by U.S. Mail and Defendant waived formal service pursuant to O.C.G.A., § 9-11-4.

3. Defendant now timely removes this action to this Court.

## II. Basis for Jurisdiction.

4. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (c). This claim could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States." Plaintiff brings one count against Defendant for alleged violation of the TCPA, a "law" of the United States. *See* Complaint at ¶¶ 3–55. As such, this Court has federal question jurisdiction over this matter.

5. Indeed, pursuant to 28 U.S.C. § 1441(a), ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending*" (emphasis added). Thus, this Court has federal question jurisdiction. Because this case currently is pending in the Georgia state court, this case also is removable to the United States District Court, Northern District of Georgia, Atlanta Division.

6. The Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747–53 (2012) addressed the issue of whether the federal district courts have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under the laws of the United States."

7. Based upon the foregoing, this Court has federal question jurisdiction over this action and venue is proper in this Court.

### III. Rule of Unanimity

8. The requirement that all defendants consent to and join a notice of removal in order for it to be effective is referred to as the "unanimity rule." *Stone v. Bank of New York Mellon, N.A.*, 2015 WL 1769370, *2 (11th Cir., April 20, 2015).

9. The rule of unanimity is inapplicable in this case because Defendant Cruise Operator, Inc., cannot ascertain whether the other Defendant in this action, Grand Bahama Cruise Line, LLC, has been notified of this action or served with process in this action. On August 11, 2015, counsel for Defendant Cruise Operator, Inc. checked with the Clerk of Cobb County, who informed counsel there were not any returns of service on file with the Clerk.

## IV. Notice Given.

10. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff, and a copy will be promptly filed with the Clerk of the State Court of Cobb County, State of Georgia. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit "B."

## V. Removal is Timely Filed.

11. This Notice has been timely filed within thirty (30) days of Defendant's receipt of service of the Complaint on July 17, 2015, as required by 28 U.S.C. § 1446(b)(2)(B).

### VI. **Pleadings and Process.**

12. As required by 28 U.S.C. § 1446(a), Defendant has attached copies of all state court process and pleadings to this Notice of Removal, which is solely the Complaint filed in this action that is attached hereto as Exhibit "A."

### VII. **Venue.**

13. Pursuant to 28 U.S.C. § 1441(a), venue in this district court is proper because this action is currently pending in the State Court of Cobb County, State of Georgia, which is in the same district as the United States District Court for the Northern District of Georgia, Atlanta Division.

### VIII. **Non-Waiver of Defenses.**

14. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter, including, without limitation, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12.

ACCORDINGLY, pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and (c) and 1446, this Court has jurisdiction over this matter, and Defendant, CRUISE OPERATOR, INC., hereby removes this action from the State Court of Cobb County, State of Georgia, to this Court.

Dated: August 12, 2015

    Respectfully Submitted,

        <u>*/s/Eric B. Coleman*</u>
        Winter Capriola Zenner, LLC
        Marvin P. Pastell, II, Esq.
        Georgia State Bar No. 142088
        Eric B. Coleman, Esq.
        Georgia State Bar No. 107648
        One Securities Center
        3490 Piedmont Rd., N.E. – Suite 800
        Atlanta, Georgia 30305
        Telephone:  404-844-5700
        Facsimile:   404-844-5701
        Email:       mpastel@wczlaw.net
                        ecoleman@wczlaw.net

        -and-

        Greenspoon Marder, P.A.
        Richard W. Epstein
        *Pending admission pro hac vice*
        Florida Bar No. 229091
        Richard.Esptein@gmlaw.com
        Jeffrey A. Backman
        *Pending admission pro hac vice*
        Florida Bar No. 662501
        Jeffrey.Backman@gmlaw.com
        Greenspoon Marder, P.A.
        200 East Broward Blvd., Suite 1800
        Fort Lauderdale, FL  33301
        Tel:  (954) 491-1120; Fax: (954) 213-0140

        *Attorneys for Defendant, Cruise Operator, Inc.*

*Bound v. Grand Bahama Cruise Line, LLC, et al.*
Defendant, Cruise Operator, Inc.'s Notice of Removal

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 12, 2015, a true and correct copy of the foregoing was served via U.S. Mail on:

Thomas A. Bound
Bound Law Firm, LLC
1000 Parkwood Circle, Suite 900
Atlanta, Georgia 30339
tbound@protectingyourrights.org

*Plaintiff*

                         */s/Eric B. Coleman*
                         Eric B. Coleman, Esq.

## RULE 7.1 CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

This certifies that the foregoing document was prepared using 14 point Times New Roman font and accordingly complies with Local Rule 5.1.  This certificate is given in compliance with Local Rule 7.1(D).

>*/s/Eric B. Coleman*
>Eric B. Coleman, Esq.