# EXHIBIT "A"

REC'D JUL 1 7 2015



**Bound Law**

Protecting Your Rights

**BOUND LAW FIRM, LLC**

PROTECTINGYOURRIGHTS.ORG

| | | |
|---|---|---|
| THOMAS A. BOUND | 1000 PARKWOOD CIRCLE | EMAIL: TBound@protectingyourrights.org |
| ATTORNEY AT LAW | SUITE 900 | (678) 830-2355 |
| ADMITTED TO PRACTICE | ATLANTA, GEORGIA 30339 | FAX (470) 299-9552 |
| GEORGIA AND S.C. | | |

July 14, 2015

Cruise Operator, Inc.
Geoff Pette, Counsel
1 East 11th Street
Suite 200
Riviera Beach, FL 33404

RE:     **Thomas Bound v. Grand Bahama Cruise Line & Cruise Operators, Inc.
         Civil Action No. 15 A 1639-2**

Dear Mr. Petty:

A lawsuit has been commenced against you.  A copy of the complaint is attached to this notice. It has been filed in the State Court for the State of Georgia in and for the County of Cobb and has been assigned Civil Action Number 15 A 1639-2.

This is not a formal summons or notification from the court, but rather our request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request for Waiver of Service of Summons is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.  YOU ARE ENTITLED TO CONSULT WITH YOUR ATTORNEY REGARDING THIS MATTER.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer or otherwise respond to the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Georgia Rules of Civil Procedure and will then, to the extent authorized by those rules, ask the court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the Notice of Duty to Avoid Unnecessary Costs of service of Summons enclosed herein.

I affirm that this Notice of Lawsuit and Request for Waiver of Service of Summons is being sent to you on behalf of the Plaintiff, this 14th day of July, 2015.

Sincerely,

Thomas A. Bound, Esq.

## WAIVER OF SERVICE OF SUMMONS

TO:   Cruise Operator, Inc.
      Geoff Pette, Counsel
      1 East 11th Street
      Suite 200
      Riviera Beach, FL 33404

I acknowledge receipt of your request that I waive service of a summons in the action of *THOMAS A. BOUND vs. GRAND BAHAMA CRUISE LINE, LLC and CRUISE OPERATOR, INC.*, which is case number 15 A 1639-2 in the State Court of the State of Georgia in and for the County of Cobb. I have also received a copy of the complaint in this action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of serving a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules and Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you within 60 days after the date this waiver was sent, or within 90 days after that date, if the request for the waiver was sent outside the United States of America.

This _____ day of _____, 2015.


_____
                                    CRUISE OPERATOR, INC.


_____
                                    Printed or Typed Name of Defendant

## WAIVER OF SERVICE OF SUMMONS

TO:   Cruise Operator, Inc.
      Geoff Pette, Counsel
      1 East 11th Street
      Suite 200
      Riviera Beach, FL 33404

I acknowledge receipt of your request that I waive service of a summons in the action of *THOMAS A. BOUND vs. GRAND BAHAMA CRUISE LINE, LLC and CRUISE OPERATOR, INC.*, which is case number 15 A 1639-2 in the State Court of the State of Georgia in and for the County of Cobb.  I have also received a copy of the complaint in this action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.  I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of serving a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules and Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you within 60 days after the date this waiver was sent, or within 90 days after that date, if the request for the waiver was sent outside the United States of America.

This _____ day of _____, 2015.


_____
                CRUISE OPERATOR, INC.


_____
Printed or Typed Name of Defendant

SECOND ORIGINAL

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

Thanci A Bound

_____

_____

**PLAINTIFF**

Vs

Grand Bahama Cruise Line, LLC

and Cruise Operator, Inc

_____

**DEFENDANT**

CASE NO. 15 A 1639-2

~~$195 COST PAID~~  $5.00 RUSH FEE PD

| TYPE OF SUIT: | | AMOUNT OF SUIT |
|---|---|---|
| Account ☐ | Principal | $_____ |
| Contract ☐ | Interest | $_____ |
| Note ☐ | Attys. Fees | $_____ |
| Tort ☐ | Court Costs | $_____ |

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the CLERK of said court and serve upon the Plaintiff's attorney or upon Plaintiff if no attorney, to wit, whose name and address is:

Bound Law Firm LLC
Thanos A Bound
1000 Parkwood Circle, Ste 900
Atlanta GA 30339

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. NOTE: Any corporate party served must be represented by a licensed attorney at law. (see Eckles v. Atlanta Technology Group, 267 Ga. 801)

This  7/7/15
_____
(Date)

_____
Clerk
State Court of Cobb County

12 East Park Square, Marietta, Georgia 30090-9632     (770) 528-1220     **Building B, First floor-Civil Division**

A:\general\summons.doc

6-24-2002

STAPLE TO FRONT OF ORIGINAL COMPLAINT

SECOND ORIGINAL

IN THE ~~SUPERIOR~~ State COURT OF COBB COUNTY

*STATE OF GEORGIA*

THOMAS A. BOUND                          *
                                         *
             Plaintiff,                  *
                                         *
    vs.                                  *        Civil Action File No.:
                                         *
                                         *        15 A 1639-2
GRAND BAHAMA CRUSE LINE, LLC             *
 and CRUISE OPERATOR, INC.               *
                                         *
             Defendants.                 *

<u>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL</u>

COMES NOW, THOMAS A. BOUND, and files this, his Complaint against GRAND

BAHAMA CRUISE LINE, LLC and CRUISE OPERATOR, INC., and demands a trial by jury

on all issues properly triable by a jury, and shows the Court the following:

1.

GRAND BAHAMA CRUISE LINE, LLC is a limited liability corporation which is

incorporated, domiciled and situate in the State of Florida, but has not registered with the

Georgia Secretary of State and is not authorized to conduct business in the State of

Georgia. GRAND BAHAMA CRUISE LINE has operated in Cobb County, Georgia,

specifically conducting telemarketing in Cobb County, Georgia using telephone numbers

which either place calls from inside the State of Georgia, or which are deceptively intended

to appear to originate in the State of Georgia, and actively solicits, calls, markets and

conducts business within Cobb County, Georgia, calling and soliciting business with

persons residing, living and situate in Cobb County, Georgia, and has therefore availed

1

itself of the jurisdiction of the State of Georgia and can reasonable anticipate being haled into court in the State of Georgia due to said marketing and sales solicitations into Cobb County, Georgia.  Said Defendant is therefore subject to the jurisdiction and venue of this Court for the purposes of this action.  A copy of this Summons and Complaint should be issued and served upon the registered agent of said Defendant GRAND BAHAMA CRUISE LINE, LLC, Bethany Worstell at 351 Lone Hill Drive, 107, Altamonte Springs, Florida, 32701.  Process should also be served upon GRAND BAHAMA CRUISE LINE, LLC by serving a copy of this Complaint and Summons on the Georgia Secretary of State.

2.

Defendant CRUISE OPERATOR, INC. is a corporation which is incorporated, domiciled and situate in the State of Florida, but is not registered with the Georgia Secretary of State nor is it authorized to conduct business in the State of Georgia. CRUISE OPERATOR, INC. has operated in Cobb County, Georgia, specifically conducting telemarketing in Cobb County, Georgia using telephone numbers which either place calls from inside the State of Georgia, or which are deceptively intended to appear to originate in the State of Georgia, and actively solicits, calls, markets and conducts business within Cobb County, Georgia, calling and soliciting business with persons residing, living and situate in Cobb County, Georgia, and has therefore availed itself of the jurisdiction of the State of Georgia and can reasonable anticipate being haled into court in the State of Georgia due to said marketing and sales solicitations into Cobb County, Georgia.  Said Defendant is therefore subject to the jurisdiction and venue of this Court for the purposes of this action.  A copy of this Summons and Complaint should be issued and served upon the registered agent of said Defendant CRUISE OPERATOR, INC. at registered agent

2

Greenspoon Marder P.A., 200 E. Broward Blvd., suite 1800, Fort Lauderdale, Florida, 33301. Process should also be served upon CRUISE OPERATOR, INC. by serving a copy of this Complaint and Summons on the Georgia Secretary of State.

3.

Jurisdiction and venue in this matter are permitted and authorized by 47 U.S.C. § 227(b)(3), the Telephone Consumer Protection Act of 1991, which grants a right of private action in an appropriate state court, as well as by the Fair Business Practices Act of 1975, O.C.G.A. § 10-1-390 *et seq*.

4.

Defendants are, and have been at all times outlined and documented here, engaged in marketing operations for or on behalf of a cruise ship or line through direct telemarketing operations targeting residents of the State of Georgia, and, in particular, residents of Cobb County, Georgia.

5.

Plaintiff has not been a customer of, has no established business relationship with, and has taken no action to request information from Defendants, nor had Plaintiff given his prior, express consent to receive telephone solicitation calls from Defendants.

6.

Plaintiff has a cellular phone (hereinafter "cell phone") which Plaintiff uses for personal and business use, which is, and at all times pertinent hereto and contained herein, has been registered through the Federal Do Not Call Registry.

7.

Plaintiff has a residential telephone line (hereinafter "home phone") which Plaintiff

uses for personal, which is, and at all times pertinent hereto and contained herein, has been registered through the Federal Do Not Call Registry.

8.

On or about March 25, 2015, at approximately 6:31 p.m., Defendants placed a random, autodialed, pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone.

9.

On or about April 8, 2015, at approximately 1:34 p.m., Defendants placed a random, autodialed, pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone.

10.

On or about April 24, 2015, at approximately 5:19 p.m., Defendants placed a random, autodialed, pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's cell phone.

11.

On or about April 24, 2015, Plaintiff wrote to Defendant GRAND BAHAMA CRUISE LINE, LLC advising Defendant GRAND BAHAMA CRUISE LINE, LLC to cease and desist from calling the home or cell phone lines belonging to and/or used by Plaintiff.

12.

On or about April 25, 2015, at approximately 10:30 a.m., Defendants placed an autodialed telephone call to Plaintiff's cell phone during which Defendants neither spoke nor played any artificial or prerecorded voice or made any other attempt at communication during this telephone call after Plaintiff answered this telephone call.

4

13.

The telephone call which Defendants placed on or about April 25, 2015, at approximately 10:30 a.m., was placed for the purpose of harassing Plaintiff.

14.

On or about April 25, 2015, at approximately 3:48 p.m., Defendants placed an autodialed telephone call to Plaintiff's cell phone during which Defendants neither spoke nor played any artificial or prerecorded voice or made any other attempt at communication during this telephone call after Plaintiff answered this telephone call.

15.

The telephone call which Defendants placed on or about April 25, 2015, at approximately 3:48 p.m., was placed for the purpose of harassing Plaintiff.

16.

On or about April 28, 2015, at approximately 11:28 a.m., Defendants placed an autodialed, pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's cell phone.

17.

On or about April 28, 2015, at approximately 6:07 p.m., Defendants placed a random, autodialed, pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's cell phone.

18.

On or about May 1, 2015, Plaintiff wrote to Defendant Cruise Operator, Inc., advising Defendant Cruise Operator, Inc. to cease and desist from calling the home or cell phone lines belonging to and/or used by Plaintiff.

19.

On or about May 6, 2015, at approximately 9:39 a.m., Defendants placed a random, autodialed, pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone.

20.

On or about May 16, 2015, at approximately 1:45 p.m., Defendants placed a random, autodialed, pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone.

21.

On or about June 8, 2015, at approximately 1:31 p.m., Defendants placed a random, autodialed, pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone.

22.

On or about June 13, 2015, at approximately 11:30 a.m., Defendants placed a random, autodialed, pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone.

23.

On or about June 17, 2015, at approximately 6:30 p.m., Defendants placed a random, autodialed telephone solicitation call, to Plaintiff's home phone during which Defendants neither spoke nor played any artificial or prerecorded voice or made any other attempt at communication during this telephone call after Plaintiff answered this telephone call.

24.

The telephone call which Defendants placed on or about June 17, 2015, at approximately 6:30 p.m., was placed for the sole purpose of harassing Plaintiff.

25.

On or about June 19, 2015, at approximately 9:37 a.m., Defendants placed a random, autodialed, pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone.

26.

On or about June 30, 2015, at approximately 6:34 p.m., Defendants placed a random, autodialed telephone call to Plaintiff's home phone during which Defendants neither spoke nor played any artificial or prerecorded voice or made any other attempt at communication during this telephone call after Plaintiff answered this telephone call.

27.

The telephone call which Defendants placed on or about June 30, 2015, at approximately 6:34 p.m., was placed for the purpose of harassing Plaintiff.

28.

Each autodialed telephone solicitation call using an artificial or prerecorded voice which Defendants placed to Plaintiff's home or cell phone lines, outlined herein, was for a commercial purpose, that being to entice Plaintiff to become a passenger on a cruise ship or cruise line owned, operated or marketed by Defendants.

29.

Defendants' marketing scheme involves offering or enticing Plaintiff and others to embark on said cruise ship or line owned, operated and/or marketed by Defendants by

stating that each person whom Defendants call is qualified for a "free cruise" is the recipient of said call answers a series of questions.

30.

Defendants' marketing scheme involves placing a telephone solicitation call misrepresenting a series of thinly-disguised marketing questions as a "survey".

31.

The "survey" used by Defendants' is not a legitimate survey of any sort or purpose, but is specifically designed for Defendants' commercial purposes only, and is also a false pretext to disguise the actual, commercial purpose of said robocalls, which is telephone solicitation.

32.

The telephone solicitation call placed by Defendants to Plaintiff's home and cell phones as part of Defendants' marketing scheme are placed using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1) of the Telephone Consumer Protection Act.

33.

The aforesaid autodialed robocalls which Defendants placed to Plaintiff were each in willful and knowing violation of the Telephone Consumer Protection Act of 1991.

34.

Each aforesaid autodialed robocall which Defendants placed to Plaintiff were in willful and knowing violation of the Telephone Consumer Protection Act of 1991 by said robocalls failing and refusing to provide the callers' name, the name of the person or entity on whose behalf the call is being made, or a telephone number or address at which that

person or entity may be contacted.

35.

Each telephone call which Defendant GRAND BAHAMA CRUISE LINE, LLC placed to Plaintiff after April 24, 2015 were in willful and knowing violation of the Telephone Consumer Protection Act of 1991, in knowing, willful, reckless and intentional violation of, and against the express wishes of Plaintiff.

36.

Each telephone call which Defendant CRUISE OPERATOR, INC. placed to Plaintiff after May 1, 2015 were in willful and knowing violation of the Telephone Consumer Protection Act of 1991, in knowing, willful, reckless and intentional violation of, and against the express wishes of Plaintiff.

37.

Plaintiff is entitled to recover from Defendants, and for all other and further relief as is just and proper, in the amount of **$1500.00** for each of the fourteen (14) telephone calls placed to Plaintiff's home and cell phones, as each of said telephone calls was made in willful and knowing violation of the Telephone Consumer Protection Act of 1991, as provided by 47 U.S.C. § 227(b)(3) of the Telephone Consumer Protection Act, that Defendants be enjoined from placing any further telephone calls to any telephone line owned, registered to or used by Plaintiff, plus attorneys' fees, punitive damages, and all costs of this action.

## FOR A SECOND CAUSE OF ACTION

38.

Plaintiff reiterates each allegation contained in Paragraphs 1 through 37, above, and incorporates each such allegation as if repeated verbatim herein.

39.

Defendants' autodialed robocalls are a Deceptive Trade Practice, as defined by the Fair Business Practices Act of 1975, O.C.G.A. § 10-1-390 *et seq*.

40.

The aforesaid autodialed robocalls which Defendants placed to Plaintiff were in violation of the Fair Business Practices Act of 1975, in at least the following particulars:

a.   In falsely disguising and concealing the true purpose of Defendants' telemarketing calls by referring to said telemarketing calls as a "survey," when, in fact, no legitimate survey was conducted;

b.   In falsely informing Plaintiff that Plaintiff's participation in a fraudulent and pretextual "survey" would be rewarded with a "free cruise," when, in fact, the questions were intended to identify Plaintiff for further, additional telemarketing schemes;

c.   In falsely informing Plaintiff that Plaintiff's participation in a fraudulent and pretextual "survey" would be rewarded with a "free cruise," when, in fact, the Defendants intended the questions asked for their own commercial business purposes;

d.   By falsely disguising the identity of a computer or recorded voice which placed each "robocall" by the computer or recorded voice identifying itself as

10

a human being;

e.    In operating a telemarketing scheme intended to deceive Plaintiff;

f.    By causing actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of services offered;

g.    In causing actual confusion or actual misunderstanding as to affiliation, connection, or association with or certification by another;

h.    In using deceptive representations or designations of geographic origin in connection with Defendants' services;

i.    In concealing the identity of the telemarketer by using a false Caller ID message indicating that the robocalls originate from a "Cell Phone GA";

j.    In using an assumed or fictitious name in the conduct of such person's business, namely by having a computer-generated voice identify itself as a human being or person;

k.    In placing said "robocalls" to Plaintiff when Defendants had full knowledge, or in reckless, willful and intentional disregard of the fact that Plaintiff's telephones are listed on the Do Not Call Registry;

l.    In placing said "robocalls" to Plaintiff, which Defendants disguised as a fraudulent and pretextual "survey", in reckless, willful and intentional attempt to deceive Plaintiff that said telemarketing calls are not prevented by Plaintiff's listing on the Do Not Call Registry;

m.    In placing robocalls to Plaintiff in which Defendants concealed the identity of the caller and which offered Plaintiff no opportunity to speak to any representative, operator or other person during said robocall.

11

n.    In placing robocalls to Plaintiff in which Defendants concealed the identity of the caller and which offered Plaintiff no opportunity to determine the identity of the person or entity placing said call during said robocall.

41.

Defendants' autodialed robocalls were disguised as originating from a "Cell Phone GA" in a fraudulent effort to entice Plaintiff to answer said calls.

42.

Defendants' autodialed robocalls were disguised as originating from a "Cell Phone GA" in an effort to prevent Plaintiff from screening said robocalls.

43.

Defendants' autodialed robocalls provide Plaintiff no opportunity to identify the caller without answering the questions posed by the fraudulent and pretextual "survey" contained in Defendants' robocalls.

44.

Defendants' autodialed robocalls were placed to Plaintiff shortly following Plaintiff having undergone major surgery, which caused Plaintiff to suffer pain, inconvenience, discomfort and to incur great difficulty in order to answer said robocalls.

45.

Defendants' autodialed robocalls were placed to Plaintiff in order to intentionally harass Plaintiff, or in reckless, willful disregard to the rights of Plaintiff.

46.

Plaintiff is entitled to recover from Defendants, and for all other and further relief as is just and proper, actual damages in the amount of **$1500.00** for each of the fourteen (14)

telephone calls placed to Plaintiff's home and cell phones, as each of said telephone calls, that Defendants be enjoined from placing any further telephone calls to any telephone line owned, registered to or used by Plaintiff, plus attorneys' fees, exemplary damages, and all costs of this action.

## FOR A THIRD CAUSE OF ACTION

47.

Plaintiff reiterates each allegation contained in Paragraphs 1 through 46, above, and incorporates each such allegation as if repeated verbatim herein.

48.

Defendants placed said autodialed robocalls to Plaintiff in order to intentionally harass Plaintiff, or in reckless, willful disregard to the privacy rights of Plaintiff.

49.

Each autodialed robocall Defendants placed to Plaintiff violated Plaintiff's right to privacy.

50.

Each autodialed robocall Defendants placed to Plaintiff constituted an intrusion upon the Plaintiff's seclusion or solitude.

51.

Each autodialed robocall Defendants placed to Plaintiff constituted an intrusion into Plaintiff's private affairs, as the robocalls offered Plaintiff with no option other than to participate in the fraudulent and pretextual "survey" which asked questions relating to Plaintiff's health, accident history and other private affairs.

13

52.

In order to determine Defendants' identity and to put an end to the illegal, harassing and intrusive, autodialed robocalls, Defendants gave Plaintiff no option other than to participate in the fraudulent and pretextual "survey" which asked questions relating to Plaintiff's health, accident history and other private affairs.

53.

Defendants' autodialed telephone calls to Plaintiff in which neither Defendants or their agents, employees, or telemarketers either spoke, played any message, recorded or otherwise, or made any attempt to communicate with Plaintiff, were placed purely for the purposes of harassment of Plaintiff.

54.

Upon information and belief, Defendants intended to use the information obtained from the fraudulent, pretextual "survey" regarding Plaintiff's health, accident history and other private affairs for Defendants' commercial purposes.

55.

Plaintiff is entitled to recover from Defendants, and for all other and further relief as is just and proper, actual damages in the amount of **$1500.00** for each of the fourteen (14) telephone calls placed to Plaintiff's home and cell phones, as each of said telephone calls, that Defendants be enjoined from placing any further telephone calls to any telephone line owned, registered to or used by Plaintiff, plus attorneys' fees, exemplary damages, and all costs of this action.

Wherefore, the Plaintiff demands judgment against Defendants, in an amount of $22,500.00 actual damages, additional damages in an amount in the enlightened

conscience of the jury will compensate Plaintiff for the harassment, violation of privacy intentionally, willfully and recklessly caused by Defendants, exemplary damages, injunctive relief, and for all other and further relief as is just and proper, plus all costs of this action.

Plaintiff further demands a trial by jury on all issues properly triable by jury.

Respectfully submitted this 7th day of July, 2015.

Bound Law Firm, LLC

Thomas A. Bound
Ga. Bar No. 070320

1000 Parkwood Circle, Suite 900
Atlanta, Georgia  30339
Telephone (678) 830-2355
Facsimile (470) 299-9552
TBound@protectingyourrights.org
Attorney for Plaintiff

15