## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

THOMAS A. BOUND      :
     :
       Plaintiff,      :
     :     CIVIL ACTION FILE NO.
     v.      :      1:15-cv-02856 LMM
     :
GRAND BAHAMA CRUSE LINE,      :
LLC,      :
     :
Defendant.      :

## AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, THOMAS A. BOUND, and files this, his Amended Complaint against GRAND BAHAMA CRUISE LINE, LLC and demands a trial by jury on all issues properly triable by a jury, and shows the Court the following:

1.

GRAND BAHAMA CRUISE LINE, LLC is a limited liability corporation which is incorporated, domiciled and situate in the State of Florida, but has not registered with the Georgia Secretary of State and is therefore not authorized to conduct business in the State of Georgia. GRAND BAHAMA CRUISE LINE has operated in Cobb County, Georgia, specifically conducting telemarketing in Cobb

County, Georgia using telephone numbers which either place calls from inside the State of Georgia, or which are deceptively intended to appear to originate in the State of Georgia, and actively solicits, calls, markets and conducts business within Cobb County, Georgia, calling for the purpose of telephone soliciting for business to persons residing, living and situate in Cobb County, Georgia, and has therefore availed itself of the jurisdiction of the State of Georgia and can reasonably anticipate being haled into court in the State of Georgia due to said marketing and sales solicitations into Cobb County, Georgia. Further, Defendant has availed itself of the jurisdiction of this court by initiating and placing telephone calls to Plaintiff in the State of Georgia, said calls originating from inside the State of Georgia or purporting to have originated from within the State of Georgia. Said Defendant is therefore subject to the jurisdiction and venue of this Court for the purposes of this action. A copy of this Summons and Complaint should be issued and served upon the registered agent of said Defendant GRAND BAHAMA CRUISE LINE, LLC, Bethany Worstell at 351 Lone Hill Drive, 107, Altamonte Springs, Florida, 32701. Process should also be served upon GRAND BAHAMA CRUISE LINE, LLC by serving a copy of this Complaint and Summons on the Georgia Secretary of State.

2.

Jurisdiction and venue in this matter are permitted and authorized by 47 U.S.C. §

227(b)(3) and 47 U.S.C. § 227(c)(5), the Telephone Consumer Protection Act of 1991, hereinafter sometimes referred to as "TCPA", which grant a right of private action in an appropriate court of the state, as well as by the Fair Business Practices Act of 1975, O.C.G.A. § 10-1-390 *et seq*.

3.

Defendant has, and has been at all times outlined and documented herein, engaged in marketing operations for or on behalf of a cruise ship or line, as well as other vacation marketing schemes, through direct telemarketing operations targeting residents of the State of Georgia, including residents of Cobb County, Georgia and, in particular, has placed telemarketing calls to Plaintiff's residential and cellular telephone lines in Cobb County, Georgia.

4.

Plaintiff has not been a customer of, has no established business relationship with, and has taken no action to request information from Defendant, nor had Plaintiff given his prior, express consent to receive telephone solicitation calls from Defendant.

5.

Plaintiff has a cellular phone (hereinafter "cell phone"), with a telephone number of 678-779-7648, which Plaintiff uses for personal and business use, which is, and at all times pertinent hereto and contained herein, has been registered through the Federal

Do Not Call Registry.

6.

Plaintiff has a residential telephone line (hereinafter "home phone"), with a telephone number of 770-952-5835, which Plaintiff uses for personal use, which is, and at all times pertinent hereto and contained herein, has been registered through the Federal Do Not Call Registry.

7.

On or about March 25, 2015, at approximately 6:31 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said telephone call advertising a free cruise and displaying a caller ID message "Atlanta GA" purportedly placed from telephone number 404-519-9133.

8.

On or about March 26, 2015, at approximately 11:59 a.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a telephone call to Plaintiff's home phone, said telephone call purportedly originating from telephone number 404-519-9133, which Plaintiff was unable to answer before the call was forwarded to voice mail.

4

9.

On or about April 8, 2015, at approximately 1:34 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said telephone call advertising a free cruise and displaying a caller ID message "Atlanta GA" purportedly placed from telephone number 404-519-9133.

10.

On or about April 24, 2015, at approximately 5:18 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's cell phone, said robocall advertising a free cruise and purportedly placed from telephone number 404-519-9133.

11.

On or about April 24, 2015, at approximately 5:25 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's cell phone, said

telephone call advertising a free cruise and purportedly originating from telephone number 470-344-6804.

12.

During the telemarketing call on or about April 24, 2015, at approximately 5:25 p.m., Defendant's telephone solicitation call used an artificial or prerecorded voice, and after Plaintiff requested to speak to a human operator, Plaintiff was connected to a human telemarketer, said telemarketer initially gave Plaintiff a false name for the caller, but after repeated requests, eventually disclosed the identity of the telemarketer as Defendant, then said telemarketer refused to answer Plaintiff's further questions regarding Defendant, and hung up.

13.

On or about April 24, 2015, Plaintiff wrote to Defendant advising Defendant to cease and desist from calling the home or cell phone lines belonging to and/or used by Plaintiff.

14.

On or about April 25, 2015, at approximately 10:29 a.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a telephone call to Plaintiff's cell phone during which Defendant neither spoke nor played any artificial or prerecorded voice or made any

other attempt at communication during this telephone call after Plaintiff answered this telephone call, said telephone purportedly originating from telephone number 470-344-6804.

15.

The telephone call which Defendant placed or initiated on or about April 25, 2015, at approximately 10:29 a.m., was placed or initiated for the purpose of harassing Plaintiff.

16.

On or about April 25, 2015, at approximately 3:48 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a telephone call to Plaintiff's cell phone during which Defendant neither spoke nor played any artificial or prerecorded voice or made any other attempt at communication during this telephone call after Plaintiff answered this telephone call, said telephone purportedly placed from telephone number 470-344-6804.

17.

The telephone call which Defendant placed or initiated on or about April 25, 2015, at approximately 3:48 p.m., was placed or initiated for the purpose of harassing Plaintiff.

18.

On or about April 28, 2015, at approximately 11:28 a.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's cell phone, said telephone purportedly placed from telephone number 470-344-6804.

19.

On or about April 28, 2015, at approximately 6:06 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's cell phone, said telephone purportedly placed from telephone number 470-344-6804.

20.

On or about May 1, 2015, Plaintiff wrote to Cruise Operator, Inc., advising Cruise Operator, Inc. to cease and desist from calling the home or cell phone lines belonging to and/or used by Plaintiff.

21.

On or about May 6, 2015, at approximately 9:39 a.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been

disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said telephone call advertising a free cruise and purportedly placed from telephone number 404-519-9133.

22.

On or about May 16, 2015, at approximately 1:45 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said telephone call advertising a free cruise and purportedly originating from telephone number 404-519-9133.

23.

On or about May 28, 2015, at approximately 1:31 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a telephone call to Plaintiff's home phone, said telephone call purportedly originating from telephone number 404-519-9133, which Plaintiff was unable to answer before the call was sent to voice mail.

24.

On or about June 8, 2015, at approximately 1:31 p.m., Defendant, acting alone

or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said telephone call advertising a free cruise and purportedly originating from telephone number 404-519-9133.

25.

On or about June 13, 2015, at approximately 11:40 a.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall advertising a free cruise which displayed a caller ID message "Cell Phone GA" and purportedly originating from telephone number 404-519-9133.

26.

On or about June 17, 2015, at approximately 6:30 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a telephone call to Plaintiff's home phone during which Defendant neither spoke nor played any artificial or prerecorded voice or made any other attempt at communication during this telephone call after Plaintiff answered this

telephone call, said telephone call displayed a caller ID message "Cell Phone GA" and purportedly originating from telephone number 404-519-9133.

27.

The telephone call which Defendant placed on or about June 17, 2015, at approximately 6:30 p.m., was placed or initiated for the sole purpose of harassing Plaintiff.

28.

On or about June 19, 2015, at approximately 9:27 a.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall advertising a free cruise which displayed a caller ID message "Cell Phone GA" and purportedly originating from telephone number 404-519-9133.

29.

On or about June 30, 2015, at approximately 6:34 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a telephone call to Plaintiff's home phone during which Defendant neither spoke nor played any artificial or prerecorded voice or made any

other attempt at communication during this telephone call after Plaintiff answered this telephone call, said telephone call displayed a caller ID message "Cell Phone GA" and purportedly originating from telephone number 404-519-9133.

30.

The telephone call which Defendant placed or initiated on or about June 30, 2015, at approximately 6:34 p.m., was placed or initiated for the purpose of harassing Plaintiff.

31.

On or about July 8, 2015, at approximately 3:37 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a telephone call to Plaintiff's home phone during which Defendant neither spoke nor played any artificial or prerecorded voice or made any other attempt at communication during this telephone call after Plaintiff answered this telephone call, said telephone call displayed a caller ID message "Cell Phone GA" and purportedly originating from telephone number 404-519-9133.

32.

The telephone call which Defendant placed or initiated on or about July 8, 2015, at approximately 3:37 p.m., was placed or initiated for the purpose of harassing Plaintiff.

33.

On or about July 9, 2015, at approximately 1:23 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a telephone call to Plaintiff's home phone, during which Defendant neither spoke nor played any artificial or prerecorded voice or made any other attempt at communication during this telephone call after Plaintiff answered this telephone call, said telephone call displayed a caller ID message "Cell Phone GA" and purportedly originating from telephone number 404-519-9133.

34.

The telephone call which Defendant placed or initiated on or about July 9, 2015, at approximately 1:23 p.m., was placed or initiated for the purpose of harassing Plaintiff.

35.

On or about July 14, 2015, at approximately 3:35 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall advertising a free cruise which displayed a caller ID message "Cell Phone GA" and purportedly originating from telephone number 404-

519-9133.

36.

On or about July 21, 2015, at approximately 10:17 a.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall advertising a free cruise which displayed a caller ID message "Cell Phone GA" and purportedly originating from telephone number 404-519-9133.

37.

On or about July 31, 2015, at approximately 9:52 a.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a telephone solicitation call to Plaintiff's home phone, said telephone call displayed a caller ID message "Cell Phone GA" and purportedly originating from telephone number 404-519-9133.

38.

On or about August 8, 2015, at approximately 11:47 a.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an

artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall advertising a free cruise which displayed a caller ID message "Cell Phone GA" and purportedly originating from telephone number 404-519-9133.

39.

On or about August 10, 2015, at approximately 9:19 a.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall advertising a free cruise which displayed a caller ID message "Cell Phone GA" and purportedly originating from telephone number 404-519-9133.

40.

On or about August 11, 2015, at approximately 5:43 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a telephone call to Plaintiff's home phone during which Defendant neither spoke nor played any artificial or prerecorded voice or made any other attempt at communication during this telephone call after Plaintiff answered this telephone call, said telephone call displayed a caller ID message "Cell Phone GA" and

purportedly originating from telephone number 404-519-9133.

41.

The telephone call which Defendant placed or initiated on or about August 11, 2015, at approximately 5:43 p.m., was placed or initiated for the purpose of harassing Plaintiff.

42.

On or about August 11, 2015, at approximately 6:18 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall advertising a free cruise which displayed a caller ID message "Cell Phone GA" and purportedly originating from telephone number 404-519-9133.

43.

On or about August 18, 2015, at approximately 4:57 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall advertising a free vacation which displayed a caller ID

message "Cell Phone GA" and purportedly originating from telephone number 404-519-9133.

44.

On or about August 19, 2015, at approximately 2:24 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a telephone call to Plaintiff's home phone, said telephone call displayed a caller ID message "Cell Phone GA" and purportedly originating from telephone number 404-519-9133.

45.

On or about August 24, 2015, at approximately 9:11 a.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a telephone call to Plaintiff's home phone during which Defendant neither spoke nor played any artificial or prerecorded voice or made any other attempt at communication during this telephone call after Plaintiff answered this telephone call, said telephone call displayed a caller ID message "Cell Phone GA" and purportedly originating from telephone number 404-519-9133.

46.

The telephone call which Defendant placed or initiated on or about August 24, 2015, at approximately 9:11 a.m., was placed or initiated for the purpose of harassing

Plaintiff.

47.

On or about August 26, 2015, at approximately 3:23 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall displayed a caller ID message "Cell Phone GA" and purportedly originating from telephone number 404-519-9133.

48.

On or about September 5, 2015, at approximately 9:16 a.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall advertising a "free cruise" which displayed a caller ID message "Cell Phone GA" and purportedly originating from telephone number 404-519-9133.

49.

On or about September 11, 2015, at approximately 1:10 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been

disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall advertising a "free cruise" which displayed no caller ID message and purportedly originating from telephone number 202-302-4617.

50.

On or about October 2, 2015, at approximately 9:32 a.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall advertising a free cruise and displaying a caller ID message "Cell Phone FL" and purportedly originating from telephone number 1-321-246-3408.

51.

On or about October 5, 2015, at approximately 9:35 a.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall advertising a free cruise and displaying a caller ID message "Cell Phone GA," and purportedly originating from telephone number 404-548-3565.

52.

On or about October 15, 2015, at approximately 10:29 a.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall advertising a free cruise and displaying a caller ID message "Atlanta GA" and purportedly originating from telephone number 404-496-7006.

53.

On or about October 28, 2015, at approximately 6:15 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall advertising a free vacation and displaying no caller ID message purportedly originating from telephone number 404-891-5982.

54.

On or about October 30, 2015, at approximately 12:54 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall advertising a free cruise and displaying a caller ID message

"Atlanta GA" and purportedly originating from telephone number 404-891-5982.

55.

On or about November 6, 2015, at approximately 10:38 a.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's home phone, said robocall advertising a free vacation and displaying a caller ID message "Atlanta GA" and purportedly originating from telephone number 404-496-7006.

56.

On or about January 15, 2016, at approximately 12:41 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's cell phone, said robocall stating Plaintiff had been randomly selected by "Marriott" to receive a Caribbean vacation, and purportedly originating from telephone number 678-779-9298.

57.

On or about January 25, 2016, Defendant, acting alone or in concert with other

persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's cell phone, said robocall stating Plaintiff had been randomly selected by "Xfinity" to receive a Caribbean vacation.

58.

On or about January 28, 2016, at approximately 2:49 p.m., Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated a pre-recorded telephone solicitation call using an artificial or prerecorded voice, commonly referred to as a "robocall", to Plaintiff's cell phone, said robocall stating Plaintiff had been randomly selected by "Trip Advisor" to receive a Caribbean vacation and purportedly originating from telephone number 678-779-6270.

59.

During the telephone call on or about January 28, 2016, Defendant initially refused to provide the name of the caller, then eventually provided Plaintiff with a false name of the caller.

60.

During the telephone call on or about January 28, 2016, Defendant identified the telemarketing call as originating from Cancun, Mexico.

61.

Each telephone solicitation call placed or initiated to Plaintiff's home or cell phone lines, outlined herein, used an artificial or prerecorded voice, in violation of provisions of the TCPA, including 47 U.S.C. § 227(b)(1)(B).

62.

Each telephone solicitation call placed or initiated to Plaintiff's home or cell phone lines, outlined herein, was placed or initiated without the prior express consent of Plaintiff, in violation of provisions of the TCPA, including 47 U.S.C. § 227(b)(1)(B).

63.

Each telephone solicitation call using an artificial or prerecorded voice which Defendant placed or initiated to Plaintiff's home or cell phone lines, outlined herein, was for a commercial purpose, that being to entice Plaintiff to become a passenger on a cruise ship or cruise line owned, operated or marketed by Defendant, or to purchase another vacation package or time share marketed by Defendant as a vacation package, in violation of provisions of the TCPA, including 47 U.S.C. § 227(b)(2)(B)(i) and (ii).

64.

Each telephone solicitation call placed or initiated to Plaintiff's home or cell phone lines, outlined herein, was placed for the purposes of encouraging the purchase

or rental of, or investment in, property, goods, or services, namely various vacation schemes, in violation of provisions of the TCPA, including 47 U.S.C. § 227 (a)(4).

65.

Each telephone solicitation call using an artificial or prerecorded voice which Defendant placed or initiated to Plaintiff's home or cell phone lines, outlined herein, was, upon information and belief, placed or initiated by Defendant by use of an automatic telephone dialing system, in violation of provisions of the TCPA, including 47 U.S.C. § 227(d)(1)(A).

66.

Each telephone solicitation call using an artificial or prerecorded voice which Defendant placed or initiated to Plaintiff's home or cell phone lines, outlined herein, was placed with willful disregard that Plaintiff's home telephone and cell telephone were duly registered on the Do Not Call Registry at all times pertinent hereto.

67.

Defendant's marketing scheme involves offering or enticing Plaintiff and others to embark on said cruise ship or line owned, operated and/or marketed by Defendant by stating that each person whom Defendant calls is qualified for a "free cruise" is the recipient of said call answers a series of questions, which the message refers to as a "survey".

68.

Defendant's marketing scheme involves placing or initiating a telephone solicitation call misrepresenting a series of thinly-disguised marketing questions as a "survey".

69.

The "survey" used by Defendant is not a legitimate survey of any sort or purpose, but is specifically designed for Defendant's commercial purposes only, and is also a false pretext to disguise the actual, commercial purpose of said robocalls, which is telephone solicitation and marketing.

70.

Defendant's marketing scheme also involves vacation packages and/or time shares in properties owned, operated and/or marketed by Defendant, by stating that Plaintiff is has been "randomly selected" to receive a "Caribbean vacation".

71.

The telephone solicitation calls placed or initiated by Defendant to Plaintiff's home and cell phones as part of Defendant's marketing scheme were placed or initiated using an automatic telephone dialing system, as defined by provisions of the TCPA, including 47 U.S.C. § 227(a)(1).

72.

Each telephone call placed or initiated by Defendant to Plaintiff's home and cell phones which played or used an artificial or prerecorded voice to deliver a message were placed or initiated for the purpose of telephone solicitation, as defined by provisions of the TCPA, including 47 U.S.C. § 227(a)(4) and 47 U.S.C. § 227(a)(5) of the Telephone Consumer Protection Act.

73.

Each telephone call placed or initiated by Defendant to Plaintiff's home and cell phones was placed or initiated for a commercial purpose, as defined by 47 U.S.C. § 227(b)(2)(B) of the Telephone Consumer Protection Act.

74.

The aforesaid robocalls which Defendant placed to Plaintiff were each in willful and knowing violation of the Telephone Consumer Protection Act of 1991.

75.

Each aforesaid robocall which Defendant placed to Plaintiff was in willful and knowing violation of the TCPA as Defendant in said robocalls failing and refusing to provide the callers' name, the name of the person or entity on whose behalf the call is being made, or a telephone number or address at which that person or entity may be contacted, in violation of provisions of the TCPA, including 47 U.S.C. § 227(d)(3)(A).

76.

Each telephone call which Defendant placed to Plaintiff after April 24, 2015 were in willful and knowing violation of the TCPA, in knowing, willful, reckless and intentional violation of, and against the express wishes of Plaintiff.

77.

Each telephone call which Defendant placed to Plaintiff in January 2016 played a pre-recorded message expressly stating that Plaintiff's selection to receive the robocall was "random".

78.

Each telephone call which Defendant placed to Plaintiff was willfully and/or knowingly in violation of the above and other provisions of the TCPA, 47 U.S.C. § 227.

79.

Plaintiff is entitled to recover from Defendant, and for all other and further relief as is just and proper, in the amount of **$1500.00** for each of the forty one (41) telephone calls placed or initiated to Plaintiff's home and cell phones, as each of said telephone calls was made in willful and knowing violation of the Telephone Consumer Protection Act of 1991, as provided by 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5) of the Telephone Consumer Protection Act, in the amount of **$1500.00** for each telephone call which Defendant may place or initiate to Plaintiff during the

pendency of this litigation, that Defendant be enjoined from placing any further telephone calls to any telephone line owned, registered to or used by Plaintiff, plus attorneys' fees, punitive damages, and all costs of this action.

80.

Plaintiff asks this Court to enjoin Defendant, pursuant to provisions of the TCPA, including 47 U.S.C. § 227 (b)(3)(A) and 47 U.S.C. § 227 (c)(5)(A), from placing or initiating any further telephone calls to Plaintiff's telephone lines, whether home, cellular or business, or from contacting Plaintiff for any purpose, by any method.

## FOR A SECOND CAUSE OF ACTION: DECEPTIVE TRADE PRACTICES

81.

Plaintiff reiterates each allegation contained in Paragraphs 1 through 80, above, and incorporates each such allegation as if repeated verbatim herein.

82.

Defendant's robocalls are a Deceptive Trade Practice, as defined by the Fair Business Practices Act of 1975, hereinafter sometimes referred to as "FBPA", O.C.G.A. § 10-1-390 *et seq*.

83.

Pursuant to the FBPA, Plaintiff sent written notice to counsel for Defendant on

May 21, 2015, advising Defendant of Plaintiff's intent to pursue an action for violations of the FBPA.

84.

During the telephone call on April 24, 2015 at approximately 5:25 p.m., Defendant falsely informed Plaintiff that Defendant was registered to do business in Georgia when, in fact, it was not so registered at that time.

85.

Plaintiff called the telephone number "404-519-9133" displayed on the caller identification after receiving a call from said number, but Plaintiff received a message stating that said number is a nonworking Verizon telephone number.

86.

The aforesaid robocalls which Defendant placed or initiated to Plaintiff were violations of the FBPA, in at least the following particulars:

a.   In falsely disguising and concealing the true purpose of Defendant's telemarketing calls by referring to said telemarketing calls as a "survey," when, in fact, no legitimate survey was conducted, in violation of provisions of the FBPA, including O.C.G.A. § 10-1-393.5(b)(2), O.C.G.A. § 10-1-393(b)(11) and (16)(A)(iii);

b.   In falsely informing Plaintiff that Plaintiff's participation in a fraudulent

and pretextual "survey" would be rewarded with a "free cruise," when, in fact, the questions were intended to identify Plaintiff for further, additional telemarketing schemes, in violation of provisions of the FBPA, including O.C.G.A. § 10-1-393.5(b)(2), O.C.G.A. § 10-1-393(b)(9) and (11) and (16)(A)(iii);

c.    In falsely informing Plaintiff that Plaintiff's participation in a fraudulent and pretextual "survey" would be rewarded with a "free cruise," when, in fact, Defendant intended the questions asked for its own commercial business purposes, in violation of provisions of the FBPA, including O.C.G.A. § 10-1-393.5(b)(2), O.C.G.A. § 10-1-393(b)(11) and (16)(A)(iii);

d.    By falsely disguising the identity of a computer or recorded voice which placed said robocalls by the computer or recorded voice which identified itself as a human being, in violation of provisions of the FBPA, including O.C.G.A. § 10-1-393.5(b)(2);

e.    In operating a telemarketing scheme intended to deceive Plaintiff, by use of the various false representations Defendant made to Plaintiff in those calls and by disguising those calls, as stated herein, in violation of provisions of the FBPA, including O.C.G.A. § 10-1-393.5(b)(2);

f.    By causing actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of services offered, by failing to state the identity of the caller and/or misrepresenting the identity of the caller, in violation of provisions of the FBPA, including O.C.G.A. § 10-1-393.5(b)(2), O.C.G.A. § 10-1-393(b)(2) and (3);

g.    In causing actual confusion or actual misunderstanding as to affiliation, connection, or association with or certification by another, by failing to state the identity of the caller and/or misrepresenting the identity of the caller to Plaintiff, in violation of provisions of the FBPA, including O.C.G.A. § 10-1-393.5(b)(2), O.C.G.A. § 10-1-393(b)(3);

h.    In using deceptive representations or designations of geographic origin in connection with Defendant's services, by falsely indicating via telephone numbers and caller ID messages that the telephone calls were placed from within the state of Georgia, in violation of provisions of the FBPA, including O.C.G.A. § 10-1-393.5(b)(2), O.C.G.A. § 10-1-393(b)(4);

i.    In concealing the identity of the telemarketer by using a false Caller ID message indicating that the robocalls originate from a "Cell Phone GA", in violation of provisions of the FBPA, including O.C.G.A. § 10-1-393.5(b)(2), O.C.G.A. § 10-1-393(b)(1), (2), (3), (4) and (4)(A)(iii);

j.   In using assumed or fictitious names in the conduct of Defendant's business, namely by having a computer-generated voice identify itself as a human being or person, in violation of provisions of the FBPA, including O.C.G.A. § 10-1-393.5(b)(2);

k.   In using assumed or fictitious names in the conduct of Defendant's business, namely by stating various false names as the telemarketers making the calls, in violation of provisions of the FBPA, including O.C.G.A. § 10-1-393.5(b)(2);

l.   In placing said "robocalls" to Plaintiff when Defendant had full knowledge, or in reckless, willful and intentional disregard of the fact that Plaintiff's telephones are listed on the Do Not Call Registry, in violation of provisions of the FBPA, including O.C.G.A. § 10-1-393.5(b)(1);

m.   In placing said robocalls to Plaintiff, which Defendant disguised as a fraudulent and pretextual "survey", in reckless, willful and intentional attempt to deceive Plaintiff that said telemarketing calls are not prevented by Plaintiff's listing on the Do Not Call Registry, in violation of provisions of the FBPA, including O.C.G.A. § 10-1-393.5(b)(2), O.C.G.A. § 10-1-393(b)(1), (2), (3),(9) and (11);

n.   In placing robocalls to Plaintiff in which Defendant concealed the

identity of the caller and which offered Plaintiff no opportunity to speak

to any representative, operator or other person during said robocall, in

violation of provisions of the FBPA, including O.C.G.A. § 10-1-

393.5(b)(2), O.C.G.A. § 10-1-393(b)(1), (2) and (3).

o.  By falsely misrepresenting the caller as being "The Scientific Survey

Company" in calls contending to be a "survey", in violation of provisions

of the FBPA, including O.C.G.A. § 10-1-393.5(b)(2), O.C.G.A. § 10-1-

393(b)(1), (2) and (3);

p.  Defendant falsely informed Plaintiff that Defendant was registered to do

business in Georgia on April 24, 2015 when, in fact, it was not so

registered at that time, and Defendant intended this statement to deceive

defraud and mislead Plaintiff, in violation of provisions of the FBPA,

including   O.C.G.A.   §   10-1-393.5(b)(2),   O.C.G.A.   §   10-1-

393(b)(4)(A)(iii).

q.  Defendant falsely misrepresented its identity in the telemarketing calls of

January, 2016 as said being from various reputable companies, including

"Marriott," "Xfinity" and "Trip Advisor", in violation of provisions of

the FBPA, including O.C.G.A. § 10-1-393.13(b)(1), O.C.G.A. § 10-1-

393.5(b)(2), O.C.G.A. § 10-1-393(b)(1), (2) and (3);

r.     Defendant failed to clearly state the identity of the person or entity initiating each of the calls at the beginning of said telemarketing calls, in violation of provisions of the FBPA, including O.C.G.A. § 10-1-393.13(b)(1)

s.     Defendant knowingly utilized methods to block or otherwise circumvent Plaintiff's use of a caller identification service, by failing to state the identity of the caller in the caller ID and/or misrepresenting the calls as originating from cell phones, in violation of provisions of the FBPA, including O.C.G.A. § 10-1-393.13(b)(2)

t.     Defendant displayed the telephone number "404-519-9133" on the caller identification, which was a nonworking telephone number, and was thus not capable of receiving incoming calls at the time the calls were placed, in violation of provisions of the FBPA, including O.C.G.A. § 10-1-393.13(b)(3);

u.     The identity of the caller ID did not accurately reflect Defendant or the actual identity of the caller in any of the telephone calls placed to Plaintiff's home, instead Defendant falsely indicated calls had been placed from a cell phone, or merely displayed a location or telephone number, in violation of provisions of the FBPA, including O.C.G.A. §

10-1-393.13(b)(4)

### 87.

Defendant's robocalls disguised as originating from a "Cell Phone GA" and "Cell Phone FL" were a fraudulent effort to entice Plaintiff to answer said calls.

### 88.

Defendant's robocalls disguised as originating from a "Cell Phone GA" and "Cell Phone FL" were intended to prevent Plaintiff from screening said robocalls.

### 89.

Defendant's robocalls which failed to identify the caller on caller ID were intended to prevent Plaintiff from screening said robocalls.

### 90.

Defendant's recorded robocalls which contended to be a "survey" provided Plaintiff no opportunity to identify the caller without answering the questions posed by the fraudulent and pretextual "survey" contained in Defendant's robocalls.

### 91.

None of the recorded robocalls which Defendant placed or initiated to Plaintiff displayed a caller ID message identifying the correct or actual identity of the caller.

### 92.

None of the recorded robocalls which Defendant placed or initiated to Plaintiff

displayed a caller ID message identifying the identity of the caller as any business.

93.

None of the recorded robocalls which Defendant placed or initiated to Plaintiff disclosed the correct or actual identity of the caller in the prerecorded portion of the recorded message which was played.

94.

Defendant provided Plaintiff with the correct or actual identity of the caller during only one telephone call, which occurred on April 24, 2015, during said telephone call in which Plaintiff had to request to speak to a human operator.

95.

Defendant's robocalls were placed to Plaintiff shortly following Plaintiff having undergone major surgery, which caused Plaintiff to suffer pain, inconvenience, discomfort and to incur great difficulty in order to answer said robocalls.

96.

Defendant's robocalls were placed to Plaintiff in order to intentionally harass Plaintiff, or in reckless, willful disregard to the rights of Plaintiff.

97.

Defendant's robocalls to Plaintiff caused Plaintiff to suffer actual damages, as all calls placed to Plaintiff during working hours of weekdays disrupted Plaintiff's work,

and caused Plaintiff to cease working during each of said calls to answer the telephone, to check the identity of the caller, and/or to walk to get to the telephone.

98.

Plaintiff is entitled to recover from Defendant, and for all other and further relief as is just and proper, actual damages in the amount of **$1500.00** for each of the forty one (41) telephone calls placed or initiated to Plaintiff's home and cell phones, as each of said telephone calls caused actual damages to Plaintiff, in the amount of **$1500.00** for each telephone call which Defendant may place or initiate to Plaintiff during the pendency of this litigation, that Defendant be enjoined from placing or initiating any further telephone calls to any telephone line owned, registered to or used by Plaintiff, plus attorneys' fees, exemplary damages, and all costs of this action.

## FOR A THIRD CAUSE OF ACTION: VIOLATION OF RIGHT OF PRIVACY

99.

Plaintiff reiterates each allegation contained in Paragraphs 1 through 98, above, and incorporates each such allegation as if repeated verbatim herein.

100.

Defendant placed or initiated said robocalls to Plaintiff in order to intentionally harass Plaintiff, and/or in reckless, willful disregard to the privacy rights of Plaintiff.

101.

Each robocall Defendant placed or initiated to Plaintiff violated Plaintiff's right to privacy, specifically by intrusion upon Plaintiff's right to solitude or seclusion.

102.

Each robocall Defendant placed or initiated to Plaintiff constituted an intrusion upon the Plaintiff's seclusion or solitude.

103.

Each robocall Defendant placed or initiated to Plaintiff which contended to be a "survey" constituted an intrusion into Plaintiff's private affairs, as the robocalls offered Plaintiff with no option other than to participate in the fraudulent and pretextual "survey" which asked questions relating to Plaintiff's health, accident history and other private affairs, said questions being a public disclosure of private facts.

104.

In order to ascertain Defendant's identity and to put an end to the illegal, harassing and intrusive robocalls, Defendant provided Plaintiff with no option other than to participate in the fraudulent and pretextual "survey" by answering questions relating to Plaintiff's health, accident history and other private affairs, said questions being a public disclosure of private facts.

105.

In order to determine Defendant's identity and to put an end to the illegal, harassing and intrusive, robocalls, Defendant fraudulent and pretextual "survey" intruded upon Plaintiff's right to privacy by public disclosure of private facts.

106.

In each of the telemarketing calls which Defendant placed or initiated to Plaintiff in January, 2016, upon being connected to a human telemarketer, Defendant's initial question specifically inquired of Plaintiff's age, which intruded upon Plaintiff's right to privacy by public disclosure of private facts.

107.

In at least one of the telemarketing calls which Defendant placed or initiated to Plaintiff, upon being connected to a human telemarketer, Defendant's initial question specifically inquired whether Plaintiff had a credit card, which intruded upon Plaintiff's right to privacy by public disclosure of private facts.

108.

In the telemarketing call which Defendant placed or initiated to Plaintiff on January 15, 2016, upon being connected to a human telemarketer, Defendant's initial question specifically inquired of Plaintiff's age, which Plaintiff declined to answer, at which time Defendant's telemarketer immediately terminated the call.

109.

Defendant's telephone calls to Plaintiff in which neither Defendant or their agents, employees, or telemarketers either spoke, played any message, recorded or otherwise, or made any attempt to communicate with Plaintiff, were placed purely for the purposes of harassment of Plaintiff and to intrude upon Plaintiff's seclusion and solitude.

110.

Upon information and belief, Defendant intended to use the information obtained from the fraudulent, pretextual "survey" regarding Plaintiff's health, accident history and other private affairs for Defendant's commercial purposes, said information intruded upon Plaintiff's right to privacy by public disclosure of private facts.

111.

Upon information and belief, Defendant intended to disclose the information obtained from the fraudulent, pretextual "survey" regarding Plaintiff's health, accident history and other private affairs for Defendant's commercial purposes, specifically the generation of sales "leads", through the disclosure of Plaintiff's private facts to other individuals, companies and entities unknown to Plaintiff and without Plaintiff's consent, in violation of Plaintiff's right to privacy by public disclosure of private facts.

112.

Upon information and belief, Defendant did disclose Plaintiff's private facts

obtained from the fraudulent, pretextual "survey" for Defendant's commercial purposes, including the generation of sales "leads", by disclosing Plaintiff's private facts to other individuals, companies and entities unknown to Plaintiff and without Plaintiff's consent, any said disclosure violating Plaintiff's right to privacy by public disclosure of private facts.

113.

Each telemarketing "robocall" which Defendant initiated or placed to Plaintiff, either acting alone or in concert with other persons, corporations or entities which have not been disclosed, during Plaintiff's surgical convalescence, caused actual harm, including pain, suffering and inconvenience to Plaintiff by causing Plaintiff to physically answer the phone, or ambulate to the phone to identify the caller.

114.

Plaintiff's efforts to answer the telemarketing "robocalls" which Defendant initiated or placed to Plaintiff, either acting alone or in concert with other persons, corporations or entities which have not been disclosed, or Plaintiff's efforts to ambulate to the phone to identify the caller caused Plaintiff to suffer physical pain, discomfort, inconvenience and difficulty.

115.

Plaintiff is entitled to recover from Defendant, and for all other and further relief

as is just and proper, actual damages in the amount of **$1500.00** for each of the forty

one (41) telephone calls placed or initiated to Plaintiff's home and cell phones, as each

of said telephone calls constituted an intrusion upon Plaintiff's aforestated rights, in the

amount of **$1500.00** for each telephone call which Defendant may place or initiate to

Plaintiff during the pendency of this litigation, that Defendant be enjoined from placing

any further telephone calls to any telephone line owned, registered to or used by

Plaintiff, plus attorneys' fees, exemplary damages, and all costs of this action.


Wherefore, the Plaintiff demands judgment against Defendant in an amount of

$61,500.00 actual damages, as well as additional damages for each telephone call

which Defendant may place or initiate to Plaintiff during the pendency of this

litigation, additional damages in an amount in the enlightened conscience of the jury

will compensate Plaintiff for the harassment, violation of privacy intentionally,

willfully and recklessly caused by Defendant, punitive damages, exemplary damages,

injunctive relief, and for all other and further relief as is just and proper, plus all costs

of this action.

Plaintiff further demands a trial by jury on all issues properly triable by jury.

Respectfully submitted this 29th day of January, 2016.

Bound Law Firm, LLC

Thomas A. Bound
Ga. Bar No. 070320
Attorney for Plaintiff
1000 Parkwood Circle, Suite 900
Atlanta, Georgia  30339
Telephone (678) 830-2355
Facsimile (470) 299-9552
TBound@protectingyourrights.org