IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| THOMAS A. BOUND | § | |
| --- | --- | --- |
| | § | |
| VS. | § | CASE NO. 1:15-CV-02856-LMM |
| | § | |
| GRAND BAHAMA CRUISE LINE, LLC, and CRUISE OPERATOR, INC. | § | |

### DEFENDANT GRAND BAHAMA CRUISE LINE, LLC'S MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 AND <u>BRIEF IN SUPPORT OF SAME</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

GRAND BAHAMA CRUISE LINE, LLC ("GBCL"), Defendant, by and through its counsel, and pursuant to Federal Rule of Civil Procedure 12, files this its Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12 and Memorandum of Law in Support of Same, and respectfully moves to dismiss Plaintiff Thomas A. Bound's Amended Complaint ("Amended Complaint") [Doc. 38], and would show this Court as follows:

\* \* \*

## I. INTRODUCTION

Plaintiff Thomas A. Bound ("Plaintiff") asserts the same three causes of action against GBCL that he alleged in his original pleading filed in state court. Specifically, Plaintiff asserts claims for alleged violations of 47 U.S.C. § 227, *et seq.*, known as the Telephone Consumer Protection Act ("TCPA"), violations of O.C.G.A. § 10-1-390, *et seq.*, known as the Fair Business Practices Act ("FBPA"), and non-specific invasions of privacy. While the Amended Complaint addresses some of the defects pointed out in GBCL's original Motion to Dimsiss, as detailed below, Plaintiff still has failed to allege a set of facts that support any of the causes of action in his Amended Complaint.

## II. PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM, PURSUANT TO RULE 12(b)(6)

### A. Standard Under Rule 12(b)(6)

When analyzing a Motion to Dismiss under Rule 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to plaintiff. *Hardy v. Regions Mortgage, Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006); *M.T.V. v. DeKalb County School District*, 446 F.3d 1153, 1156 (11th Cir. 2006). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset*

\* \* \*

*Management, Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). A formulaic recitation of the elements of a cause of action will not satisfy the pleading standards set forth above. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Thus, a wholly conclusory statement of a claim cannot, without more, survive a motion to dismiss. *See Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.*, 500 F.3d 1293, 1303 (11th Cir.2007) (citing *Twombly*, 550 U.S. at 561–62, 127 S.Ct. 1955); *United States v. 4323 Bellwood Circle, Atlanta, Ga. 30349*, 680 F. Supp. 2d 1370, 1372 (N.D. Ga. 2010).

Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Recitals of the elements of a cause of action, supported by mere conclusory statements, however, do not suffice. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for

\* \* \*

the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570). To be plausible, a complaint must provide enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations. See *Twombly*, 550 U.S. at 570. The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the grounds of his entitlement to relief with more than just labels and conclusions. *Twombly*, 127 S.Ct. at 1964–65; *accord Financial Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282–83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citations and internal

\* \* \*

quotation marks omitted). "Factual allegations [in the complaint] must be enough to raise a right to relief above the speculative level," *i.e.*, they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (citations omitted) (emphasis omitted). As the Eleventh Circuit put it, "the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" *Stephens*, 500 F.3d at 1282 (quoting *Twombly*, 127 S.Ct. at 1966–67).

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citations and internal quotation marks omitted). This motion tests the sufficiency of plaintiff's complaint. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984)).

A shotgun complaint, defined as one that fails to identify claims with sufficient clarity to permit the specific defendant to frame a responsive pleading to those allegations made against it, fails to satisfy the Rule 8 standard. *Giscombe v. ABN Amro Mortgage Group, Inc.*, 680 F.Supp.2d 1378, 1381 (N.D. Ga. 2010)

\* \* \*

(citing *Beckwith v. Bellsouth Telecommunications, Inc.*, 146 Fed.Appx. 368, 371 (11th Cir. 2005).

### B. "Factual" Allegations In Amended Complaint Do Not Meet Standard Of Rule 8, *Twombly*, Or *Iqbal*

Plaintiff's Amended Complaint contains a set of factual allegations that lack specific information required to adequately plead any of Plaintiff's causes of action. While Plaintiff has changed his allegations about who placed the calls of which he complains from his original pleading, he still does not provide any information regarding who or what placed the phone calls about which he complains, other than the date, time, and whether the call was placed to his residential or cellular telephone number. He did not identify which calls were placed by GBCL specifically. Rather, he used the "shotgun" approach of vaguely – but flatly – alleging that "Defendant, acting alone or in concert with other persons, corporations or entities which have not been disclosed, placed or initiated . . . telephone call[s]."

Plaintiff does not make specific factual allegations with regard to the specific purpose of these calls; rather, he generally states that they were made either for a commercial purpose (namely, to entice Plaintiff to become a cruise ship passenger), to harass Plaintiff, or for no specific reason. These general and vague

\* \* \*

allegations are insufficient under the standards imposed by Rules 8 and 12(b)(6) and by the *Iqbal* and *Twombly* decisions.

As in his original pleading, Plaintiff alleges, without any factual support, that the "telephone solicitation call[s] . . . are placed using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1) of the Telephone Consumer Protection Act." [Doc. 38, ¶ 65]. This mere allegation that an automatic telephone dialing system ("ATDS") was used is exactly the type of conclusory claim that Rule 12(b)(6) is designed to eliminate. Plaintiff does not specify what, if any, definition of ATDS (and/or autodialer) he is using in this context and does not provide any information regarding how the Federal Communications Commission ("FCC") defines an ATDS. Further, Plaintiff does not offer any allegation that Defendant made use of equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers (*i.e.*, the definition of an ATDS used by the FCC.) For the above-stated reasons, Plaintiff does not successfully allege that the calls were made via an ATDS and, at a minimum, his allegations in this regard are conclusory and exceedingly vague. Plaintiff simply presents this Court with a legal conclusion reached by Plaintiff regarding his impression of the means whereby the calls was made.

\* \* \*

Again, as in the original pleading, Plaintiff alleges that the calls contained a series of survey questions, which he contends were simply a pretext to accomplish the "actual, commercial purpose" of the calls. [Doc. 38, ¶¶ 67-68] Notably, Plaintiff did not specifically identify the "marketing" in which he contends GBCL engaged, *i.e.*, what good or service GBCL offered to Plaintiff in exchange for a payment from Plaintiff to GBCL. Plaintiff carefully crafted his drafting to refer to a "marketing scheme" that involves offers made to Plaintiff and certain unspecified "others." [Doc. 38, ¶ 67, 68, 70]. Plaintiff offers no specific factual support for such a conclusory and argumentative allegation.

Plaintiff specifically does not allege that GBCL (a) was NOT offering a free cruise; (b) said anything to him that would constitute "marketing" (*i.e.*, statements regarding the qualities and benefits of goods or services GBCL was offering); (c) asked him to pay anything to GBCL in order to receive any offering of GBCL; (d) ever asked him for a credit card number or any other form of payment. In other words, Plaintiff alleges only that GBCL contacted him and "offered" or "enticed" to provide him a free cruise. This would not, in the absence of any other allegations, constitute "marketing" and/or "solicitation" as such terms are defined under state and/or federal law.

* * *

As illustrated above, Plaintiff fails to establish a number of key elements that would support the causes of action in the Complaint, including the failure to sufficiently allege that GBCL made use of an ATDS when making any of the calls or the failure to sufficiently allege that GBCL engaged in any "marketing" during any of the calls. These, and other, pleading deficiencies are fatal to all of Plaintiff's case.

As detailed above, Plaintiff has produced a set of factual allegations that serve only to (even if read in the light most favorable to Plaintiff) state a case that GBCL made several telephone calls to Plaintiff for the purpose of confirming arrangements for a free cruise. Placing the facts as alleged by Plaintiff into the context of the causes of action advanced by the Plaintiff reveals the following:

### C. Plaintiff's Causes Of Action Are Vague And Insupportable

#### 1. *First Cause of Action – TCPA Violations*

Although not styled as his first cause of action, it appears that the Amended Complaint indicates that Plaintiff alleges that GBCL willfully and knowingly violated the TCPA on each of the occasions that he allegedly received telephone calls. As an initial matter, Plaintiff's First Cause of Action is vague as written, and for this reason alone, should be dismissed. Specifically, in Paragraphs 74 and 76, Plaintiff makes general reference to the TCPA without providing specific citations

\* \* \*

to the statutory provisions. Further, in connection with the alleged violation of the TCPA's Do Not Call provisions, the pertinent sections of the TCPA upon which Plaintiff bases this claim reads as follows:

> The term "telephone solicitation" means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization.

47 U.S.C. § 227(a)(4).

As detailed above, Plaintiff fails to sufficiently allege that the calls placed by GBCL constituted "telephone solicitation" as that term is defined under the TCPA. Specifically, Plaintiff failed to allege that GBCL's telephone calls to Plaintiff were for the purpose of "encouraging the purchase or rental of, or investment in, property, goods, or services."[1]

Finally, Plaintiff implicitly asks for treble damages in association with the violations alleged in the first cause of action. In order to do so, Plaintiff must allege

---

[1] As in its initial Motion to Dismiss, GBCL reserves its rights to assert at a later date the subsequent provisions contained in the TCPA regarding express invitation and/or consent, as well as an established business relationship. GBCL is in possession of proof of Plaintiff's express consent being provided to receive telephone calls by his visitation to a website in March 2015.

\* \* \*

that GBCL's actions were knowing and/or willful. Simply stating that GBCL's alleged actions "were in willful and knowing violation" is insufficient from a pleading perspective to make out a case for treble damages. Plaintiff fails to allege any facts or circumstances whatsoever to support his conclusory allegation in this regard. Accordingly, based on the above analysis revealing multiple substantive pleading deficiencies, Plaintiff's First Cause of Action should be dismissed.

### 2. *Second Cause of Action – FBPA Violation*

Plaintiff's Second Cause of Action references Georgia's state consumer protection statute, the FBPA. Plaintiff implicitly asks for treble damages in association with the violations alleged in the second cause of action. In order to do so, Plaintiff must allege that GBCL's actions were intentional. Simply stating that GBCL's alleged actions were done "intentionally" is insufficient from a pleading perspective to make out a case for treble damages. Plaintiff fails to allege any facts or circumstances whatsoever to support his conclusory allegation in this regard. Accordingly, based on the above analysis revealing multiple substantive pleading deficiencies, Plaintiff's Second Cause of Action should be dismissed.

### 3. *Third Cause of Action – Various Privacy Rights*

Plaintiff alleges in his Third Cause of Action that GBCL's alleged acts violated unspecified rights to privacy and constituted an intrusion on his seclusion

\* \* \*

and solitude. Under Georgia state court decisions, the concept of invasion of privacy encompasses four loosely related but distinct torts, as follows: (1) intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; and (4) appropriation for the defendant's advantage of the plaintiff's name and likeness. *Cabaniss v. Hipsley*, 114 Ga.App. 367, 370, 151 S.E.2d 496 (1966); *Sun v. Langston*, 170 Ga. App. 60, 61, 316 S.E.2d 172, 174 (1984). While Plaintiff tries to identify which of these specifically recognized torts provide the basis for his claim and attempts to shoehorn the previously pled facts into these torts, he fails to describe sufficient factual allegations to support all of his claims and/or asserts "facts" upon information and belief, which is another way of saying that he lacks factual support for the claims. Accordingly, based on the above analysis revealing multiple substantive pleading deficiencies, Plaintiff's Third Cause of Action should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Amended Complaint must be dismissed in its entirety.

\* \* \*

Respectfully submitted,

**STRAWINSKI & STOUT, P.C.**

By:/s/*Nicole Wolfe Stout*_____
    Nicole Wolfe Stout
    nws@strawlaw.com
    Georgia Bar No. 773370
    3340 Peachtree Road NE
    Suite 1445, Tower Place 100
    Atlanta, Georgia 30326
    Telephone: (404) 264-9955
    Facsimile: (404) 264-1450

ATTORNEYS FOR DEFENDANT
GRAND BAHAMA CRUISE LINE, LLC

**WAGNER SÁENZ DORITY, L.L.P.**

By:/s/*Jason Wagner*_____
    Jason Wagner
    jwagner@wsdllp.com
    Texas Bar No. 00795704
    Southern District of Texas
    Bar No. 20325
    *Admitted Pro Hac Vice*
    1010 Lamar Street
    Suite 425
    Houston, Texas 77002
    Telephone: (713) 554-8450
    Facsimile: (713) 554-8451

ATTORNEYS FOR DEFENDANT
GRAND BAHAMA CRUISE LINE, LLC

\* \* \*

# CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to Local Rule 7.1D, the foregoing brief was prepared with Times New Roman font, in 14 point, as approved by the Court in Local Rule 5.1B.

/s/*Jason Wagner*_____
Jason Wagner

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendant Grand Bahama Cruise Line, LLC's Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12** was served, pursuant to Federal Rule of Civil Procedure 5 and Local Rule 5.1A, via electronic means through ECF filing, on this the 12th day of February, 2016, to:

Thomas A. Bound
Bound Law Firm, LLC
1000 Parkwood Circle, Suite 900
Atlanta, Georgia 30339
Facsimile: (470) 299-9552
Email: tbound@protectingyourrights.org

/s/*Jason Wagner*_____
Jason Wagner

\* \* \*