## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS A. BOUND | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE NO. |
| v. | : | 1:15-cv-02856 LMM |
| | : | |
| | : | |
| GRAND BAHAMA CRUSE LINE, | : | |
| LLC | : | |
| | : | |
| Defendant. | : | |

## <u>PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT GRAND BAHAMA CRUISE LINE, LLC'S MOTION TO DISMISS AMENDED COMPLAINT</u>

Pursuant to Local Rule 7.1 and Federal Rules of Civil Procedure 6, 7, 8, 10, 12 and 15, Plaintiff in the above-styled civil action submits this, PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT GRAND BAHAMA CRUISE LINE, LLC'S MOTION TO DISMISS AMENDED COMPLAINT, and shows the Court as follows:

**Statement of Facts**

On January 29, 2016, Plaintiff filed his Amended Complaint, alleging violations of several laws of Georgia and the United States regarding no less than 41 telemarketing robocalls which Defendant has placed to Plaintiff. Plaintiff specified that Defendant placed or initiated no less than 37 of those calls after Plaintiff specifically instructed Defendant to cease those calls, in writing, on April 25, 2015 (Amended Complaint ¶13). Plaintiff also notes that the Amended Complaint shows that Plaintiff has received an extraordinary 23 such telemarketing robocalls from Defendant since the initial suit was filed on July 7, 2015.

On November 25, 2015, Defendant filed its Initial Disclosures. In none of its disclosures did Defendant reveal the existence or identities of any other persons, corporations or entities involved in placing or initiating the robocalls contained in Plaintiff's Complaint, and in fact, denied knowledge of their existence (Exhibit 1, No.s 1, 2, 5 and 9).

On February 19, 2016, following the filing of the Amended Complaint and after it filed this Motion, Defendant filed supplemental Initial Disclosures, significantly altering its initial denial of the existence of other entities involved in its telemarketing scheme by identifying two (2) such companies, which it now

contends were involved in the scheme, which it identified as Nationwide Reservations, Inc. and Survey Association Corporation. Defendant has produced no documentary evidence supporting its new allegations regarding the companies disclosed therein. (Exhibit 2)

Plaintiff notes that one of the corporations Defendant has now disclosed, Nationwide Reservations, Inc., shares its officers with the now-dismissed Defendant Cruise Operator, Inc., Greenspoon, Marder is the agent for service and incorporator of both Cruise Operator, Inc. and Nationwide Reservations, Inc., and that Cruise Operator, Inc. also failed to disclose the involvement of its sister corporation in the Initial Disclosures it filed prior to being granted dismissal from this action.[1]

## 1. Argument and Citation of Authority

Defendant's Motion to Dismiss Amended Complaint (hereinafter, "Motion") is legally insufficient, premature, and fails to state any basis upon which dismissal of the Amended Complaint could be granted. Each of the issues Defendant raised in its Motion are either well-pled in the Amended Complaint, are grounds for

---

[1] Plaintiff does not seek to address the issues raised by this disturbing development at this time, but intends to address remedies of this apparent failure by Cruise Operator, Inc. to disclose required information at an appropriate time and in an appropriate manner.

which Defendant fails to cite any statute, rule or precedent supporting, or which fail to support Defendant's Motion.

Defendant's Motion contends to be a motion to dismiss for failure to state a claim for which relief can be granted, pursuant to F.R.Civ. P. 12(b)(6). However, Defendant fails to make any substantive argument that the Amended Complaint does not state a claim for which relief can be granted, and relies almost entirely upon Rule 10 and Rule 8(a)(2) to allege that the form of the pleading is somehow insufficient in certain aspects, or requires enhanced pleading above what Rule 8(a)(2) requires, most of which rely on a misguided and superficial analysis of precedent, addressed *infra*.

In order for Defendant's Motion to succeed, it must show that each of Plaintiff's three (3) causes of action fails to state a claim upon which relief can be granted. If any one of the causes of action states a claim upon which relief can be granted, Defendant's Motion must be denied.

In fact, each of Plaintiff's causes of action states a claim upon which relief may be granted, each is well-pled pursuant to the Federal Rules of Civil Procedure and applicable precedent, each plausibly gives rise to an entitlement to relief, and

each of Plaintiff's causes of action are stated with sufficient specificity and in a form which satisfies Rules 8, 10 and 12, therefore Defendant's Motion fails to state any valid basis for dismissal, and must be denied.

## A. Applicable Standard for Pleading

Rule 12(b)(6) allows defendants to assert by motion a defense of failure to state a claim upon which relief can be granted. Judgment on the pleadings is appropriate only when a plaintiff can show no set of facts in support of his claim which would entitle him to relief. The court must accept all facts in the complaint as true and view them in the light most favorable to Plaintiff. (*Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209 (11th Cir., 2001)). When ruling on a motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007)

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (*Erickson,* 127 S.Ct. at 2200, quoting *Bell Atlantic*

*Corporation, et al. v. Twombley,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *Twombley* makes clear that a court should exercise caution before dismissing a case prior to discovery (550 U.S. at 546, citing *Poller v. Columbia Broadcasting System, Inc*, 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962)). *Twombley* does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the elements pled. (127 S.Ct. at 1964)

"When there are well- pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S.Ct. 1937, 173 L.Ed2d 868, (2009). Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. (556 U.S. at 663-664, citing *Twombley*, 550 U.S. at 556)

The 11th Circuit has interpreted the plausibility requirement of *Twombley* and *Iqbal* as applying only to the material elements of a cause of action. *Resnick v. Avmed, Inc.*, 693 F.3d 1317 (11th Cir., 2012); see also *C&C Family Trust*

*04/04/05, By & Through Its Trs. Cynthia Cox-Ott & Patricia Ann Cox v. AXA Equitable Life Ins. Co.*, 44 F.Supp.3d 1247 (N.D. Ga., 2014).

## B. Defendant's Allegations Are Insufficient to Support Dismissal

Plaintiff's Amended Complaint is precisely the type of short and plain statement of each of the three causes of action, showing that Plaintiff is entitled to relief, which is required by Rule 8(a)(2). Defendant fails to state any legitimate basis for not receiving fair notice of what the claims are or the grounds upon which each cause of action therein rests, nor is it conceivable that Defendant can contend not having such fair notice. Defendant also fails to state any basis to contend that any of Plaintiff's claims to entitlement to relief in the Amended Complaint are implausible as pled.

Due to Defendant's failure to meet its burden of showing that the Amended Complaint does not state a claim upon which relief can be granted, its Motion must be denied. In fact, Defendant fails to assert that the Amended Complaint does not sufficient allege any essential element of any of the three (3) causes of action, and Defendant fails to contend that any of the asserted deficiencies in the Amended Complaint are essential or material elements in the various causes of action,

precisely because none of the items upon which Defendant bases its Motion are essential elements which must be pled with greater specificity, as each essential element is sufficiently pled in the Amended Complaint. Defendant's allegations are nothing more than cherry-picked allegations which it contends are not specially pled or are conclusory, regardless of whether the allegations are material to a cause of action or whether its asserted lack of specifics pled in these allegations otherwise render the any of the causes of action implausible.

Defendant here seeks to extend the plausibility requirement to any allegation contained in the Amended Complaint, not just those material to the causes of action, to allow dismissal due to factual allegations which are not elements of any of the causes of action, but which are merely additional factual matters pled, allegations relating to the damages to which Plaintiff is entitled, and references to phrases which are simply defined in the TCPA but are not material elements for Plaintiff to plausibly be entitled to recovery. This would be a significant and unwarranted expansion of those cases, and would serve to undermine the pleading requirements of Rule 8(a)(2).

Defendant seeks to require nothing less than the imposition of a heightened pleading standard in excess of Rule 8(a)(2)'s pleading requirements as was specifically rejected in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Rule 9 does require pleading special matters in certain, very limited and specified areas, none of which are pled in the Amended Complaint. Defendant offers no basis or rationale to extend the plausibility doctrine beyond the material elements found in a complaint, which would have the effect of rendering Rule 8(a)(2) a nullity.

In addition, Defendant here seeks to expand *Iqbal* to imply that the Court should not accept as true not only legal conclusions, but also factual allegations; here, specifically, allegations involving the commercial purpose of the calls and Defendant's use of ATDS, neither of which are essential elements the lawsuit, and both being factual allegations, not legal conclusions (see *infra*), such an expansion is unwarranted and is contrary to Rule 8(a)(2).

### C. Plaintiff's Cause of Action for Violations of the TCPA Meets the Plausibility Standard As Pled

47 U.S.C. § 227(b)(1)(B), outlines the requirements for a private action

under the TCPA, making it unlawful:

> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt …, or is exempted by rule or order by the Commission under paragraph (2)(B);

Defendant alleges that the Amended Complaint must contain certain specific information, implying that the information in the Amended Complaint is insufficient to notify it of certain facts or allegations of the Complaint.  However, Defendant failed to cite any precedent requiring such specific pleading for any of the areas of its alleged confusion, or that the information contained in the complaint is insufficient.

Defendant alleges some unclear insufficiency regarding the allegation that Defendant "placed or initiated" each of the 41 telemarketing calls to Plaintiff contained in the Amended Complaint, stating that Plaintiff "did not provide any information regarding who or what placed the phone calls…" despite the Amended Complaint specifying that each phone call was placed or initiated by Defendant. Defendant *admitted* to placing one of the calls to Plaintiff, (Defendant's Initial Disclosure No. 3) presumably on April 24, 2015, during which the telemarketer

eventually refused to answer Plaintiff's questions and terminated the call by hanging up, after which Plaintiff received an additional four (4) calls from Defendant over the next four (4) days, using the same telephone number which Defendant used in the April 24 call.

Plaintiff also specifies the commercial purpose of Defendant's calls to Plaintiff, contrary to Defendant's denial of same, that commercial purpose being to entice Plaintiff to become a passenger on a cruise ship or cruise line owned, operated or marketed by Defendant, or to purchase a vacation package or time share marketed by Defendant (Complaint ¶s 64, 69 and 70). Defendant does not attempt to explain how the specificity in the Amended Complaint's allegations regarding a commercial purpose render the TCPA claim implausible, or that the pleading of Defendant's commercial purpose is an essential element of this cause of action.

Defendant can cite no specific pleading required by *Twombley*, *Iqbal* or Rules 8 or 9 which are not fully met by the Amended Complaint and, indeed, seeks to require allegations far in excess of what is necessary to give it fair notice of what the claims are, and upon which grounds they rest, as required by *Erickson* and

*Iqbal.* Defendant can also cite no precedent requiring this specific information.

Plaintiff's allegations regarding each of the above issues clearly satisfy the requirement of fair notice and plausibility, and are not subject to any special pleading requirements. Significantly, Defendant cites no authority that suggests allegations in the Amended Complaint regarding Defendant's marketing scheme or commercial purpose fail to adequately meet the requirements of Rule 8(a)(2). Nor does Defendant contend that any of the elements it contends are insufficiently pled are material, because none are material elements in order for Plaintiff to recover, and none renders recovery under the Amended Complaint implausible.

Additionally, Defendant's implication that it called Plaintiff 41 times prior to filing the Amended Complaint in order to merely offer a "free" cruise, and not for any commercial purpose, is simply not plausible, and is contradicted by Defendant's own marketing documents.

Plaintiff's pleading regarding the commercial purpose and marketing contained in the Amended Complaint is based upon, and simply paraphrases, Defendant's own description of its marketing and commercial purpose. Prior to Defendant's telemarketer hanging up on Plaintiff during the April 24, 2015 call

Defendant placed to Plaintiff, the telemarketer provided Plaintiff with a website URL describing the cruise it offered, http://www.2015getaway.com/. That website describes Defendant's marketing scheme and commercial purpose with a fair degree of specificity in ¶20, entitled therein, "**TERMS AND CONDITIONS." (Exhibits 3 and 3A) No reasonable argument can be made that Defendant is not given fair notice of what the claim is and the grounds upon which it rests, or that recovery is made implausible by the accurate paraphrasing of Defendant's own description of its marketing activities outlined on its own website, as pled in the Amended Complaint.

Defendant's contention that enhanced pleading regarding autodialed calls (ATDS) is required is also flawed. The TCPA prohibits ATDS for certain calls in 47 U.S.C. § 227(b)(1)(A). Here, however, the Amended Complaint alleges that Defendant also violated 47 U.S.C. § 227(b)(1)(B), and therefore states a plausible claim under this section which does not require use of ATDS. Defendant makes no allegation that the Amended Complaint does not sufficiently allege violations under subsection (B).

Therefore, while the Amended Complaint also alleges Defendant used an

ATDS in violation of 47 U.S.C. § (b)(1)(A), the use of such a device is not an element for recovery under 47 U.S.C. § 227(b)(1)(B). Unlike *Twombley* and *Iqbal*, Defendant's use of an ATDS is therefore not a material element, and recovery for violations of the TCPA is certainly plausible as pled in the Amended Complaint. Defendant again offers no explanation of how or why the Amended Complaint's allegations regarding ATDS could possibly render a TCPA claim under subsection (B) implausible.

Defendant's request for dismissal regarding ATDS is also premature, as it would render any suit under 47 U.S.C. § 227(b)(1)(A) an impossibility, requiring any person receiving calls from telemarketers using ATDS to have proof that the telemarketer used ATDS prior to suit and discovery. This is a ludicrous requirement, as no consumer could possibly be aware of the type of equipment used by a telemarketer to call them, prior to discovery. Certainly, if discovery fails to show that Defendant used an ATDS, this issue could then be addressed by the Court, but Defendant's contention that Plaintiff must identify Defendant's telephone equipment with specificity at the pleading stage is an impossible standard which no litigant could possibly meet.

It is virtually impossible for individuals to identify the equipment used to place calls to their telephones. Defendant seeks to impose an absurdly high bar over which no individual who receives robocalls from telemarketers such as Defendant could ever meet: to identify, prior to discovery, the precise capabilities of the equipment which telemarketers use to place or initiate robocalls. For this reason alone, Defendant's motion should be denied, and discovery should commence by which Plaintiff can determine the precise equipment Defendant used to place robocalls to Plaintiff.

The sheer volume of calls which Defendant placed to Plaintiff, particularly following Plaintiff's cease and desist letter to Defendant, and after filing this suit, as well as the fact that Defendant used a robotic or artificial voice, are evidence that it used such an ATDS. The only alternative to these calls being placed by an ATDS is for Defendant to have placed each of the 41 calls included in the Amended Complaint by having a human dial Plaintiff, and then play a prerecorded message each time. Such a possibility is farcical on its face, and if Defendant did have employees or agents manually dial Plaintiff's phones each of these times, it would support Plaintiff's allegations that its purpose was to intentionally harass

Plaintiff, thus supporting the second and third causes of action in the Amended Complaint.[2]

Because neither marketing nor a commercial purpose are material elements of a cause of action under either 47 U.S.C. § 227(b)(1)(A) or (B), and use of ATDS is not an element of § (b)(1)(B), Defendant is simply seeking to require heightened pleading requirements above the requirements of Rule 8(a)(2) which were specifically rejected by *Swierkiewicz*. While Defendant concedes that Rule 8(a)(2) requires merely a short and plain statement of the claim showing that the pleader is entitled to relief, it repeatedly seeks to require far more specific allegations than the Rule requires.

The plausibility standard required by *Twombley* and *Iqbal* are thus met by the Amended Complaint. Defendant cannot argue that it has not been given fair

---

[2] Plaintiff anticipates that Defendant may contend that the seven (7) calls Plaintiff received from Defendant in which no audible message or voice was heard were, in fact, what is defined by 16 CFR § 310.4(b)(1) as "abandoned" calls, a practice which is defined therein as an abusive telemarketing act or practice, as a defense to the allegation that these calls were placed solely to harass Plaintiff and, indeed, the only alternative explanation to these seven (7) calls having been abandoned using ATDS is that each was intentionally placed. However, as the practice of abandoning calls is due to outgoing call volume exceeding the capacity of the system, this anticipated defense would raise the presumption and inescapable conclusion that Defendant placed each abandoned call using an ATDS. Certainly, there can be no plausible explanation for Defendant abandoning no less than seven (7) calls to Plaintiff which were not placed using an ATDS, other than harassment.

notice of the nature of the claims, nor that the Amended Complaint does not state a plausible claim for relief, and therefore must survive its motion to dismiss.

*Twombley* can be further distinguished as it dealt with a class action which alleged multiple conspirators, violations of the Sherman Antitrust Act, a nationwide conspiracy effort involving virtually the entire U.S. phone system, which took place over a period of several years, and noted that "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17, 103 S. Ct. 897, 74 L.Ed.2d 723 (1983) (127 S.Ct. at 1967))  Here, however, no such massive factual controversy is involved; rather, the issues are very simple:  whether Defendant placed no less than 49 robocalls to Plaintiff, and if so, whether these robocalls violated the provisions of the TCPA, the FBPA and/or violated Plaintiff's right to privacy.

Defendant also reiterates its contention that the pleading is a "shotgun complaint," despite the fact that the Amended Complaint fails to meet the definition of such (*Magluta v. Samples*, 256 F.3d 1282 (11th Cir., 2001).  Here,

only one defendant is named, and each material element of each cause of action is stated in each separate cause of action. In fact, the only allegations which are relevant to the second and third causes of action which are not repeated therein are the details of the 41 separate robocalls placed to Plaintiff, and the individual allegations sufficient for each of those causes of action are separately pled in each of the three (3) causes of action.[3]

In fact, even the case cited by Defendant, *Giscombe v. ABN Amro Mortg. Grp. Inc.*, 680 F.Supp.2d 1378 (N.D. Ga., 2010), fails to support Defendant's description of the Amended Complaint. "The defining characteristic of a shotgun complaint is that it fails 'to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading.'" Clearly, that does not apply to the Amended Complaint. Defendant alleges no basis for any of the allegations cited in its Motion causing any inability to frame a responsive pleading, and the allegations regarding the commercial purpose of the calls, the marketing involved, and ATDS usage, or any other specified allegation therein are all, in fact, pled with sufficient

---

[3] Implicit in Defendant's contention is that Plaintiff's inadvertent omission of a caption denoting "Count One" between ¶s 60 and 61 is somehow a fatal flaw in the complaint. Defendant offers no explanation or precedent explaining how such an omission could be fatal to the Amended Complaint.

clarity to enable Defendant to frame its responsive pleading.

Plaintiff's contention that Defendant acted either alone or in concert with others in no way renders the Amended Complaint a "shotgun complaint," and the language incorporating the prior paragraphs in the second and third causes of action do not, in any way, hinder Defendant's ability to identify claims with sufficient clarity to enable the it to frame a responsive pleading. Plaintiff's mere inclusion of the possibility that Defendant may contend that other persons, corporations or entities were involved in the telemarketing calls—which Defendant has now belatedly raised, despite Defendant's Initial Disclosures denying the existence of such individuals or entities—fails to support Defendant's label of "shotgun complaint". Had Defendant disclosed these additional participants in the telemarketing scheme and disclosed evidence involving same as required by disclosure No. 7 in a timely manner, prior to the Amended Complaint it now seeks to dismiss on this specific issue, Plaintiff would not have had to choose to include, out of an abundance of caution, the language Defendant now criticizes.

Defendant also contends that the Amended Complaint is general and vague. Any reading of the Amended Complaint shows that it is neither general nor vague,

but is instead very specific in outlining each of Plaintiff's three claims showing that Plaintiff is entitled to the relief sought.

In addition to repeating Defendant's contentions regarding enhanced pleading requirements, *supra*, Defendant's contention that Plaintiff's request for treble damages is impermissibly vague regarding the allegation that Defendant's calls were in willful and knowing violation is ludicrous and without any merit. The Amended Complaint painstakingly outlines that 37 calls were made after Plaintiff sent Defendant a cease and desist letter, as well as 23 calls being placed to Plaintiff following the filing of this suit on July 7, 2015. It should also be noted that Plaintiff pled to being on the Do Not Call Registry when each of the calls were placed. Each of those allegations is itself sufficient to support a finding that each of Defendant's calls to Plaintiff were in willful and knowing violation of the TCPA.

Defendant also alleges that this cause of action is vague because it fails to make enhanced pleadings regarding other allegations, such as the violations of the Do Not Call Registry. This is also without merit, as none of the allegations in part C. 1. of the Motion are material to a claim under either 47 U.S.C. § 227(b)(1)(A) or

(B), nor does Defendant's allege any conceivable basis that this would not meet the plausibility standard as pled. Once again, Defendant makes no showing that a suit for violations of the TCPA must contain any of the specific pleadings which Defendant asserts to be required in its Motion.

Therefore, pursuant to Rule 8(a)(2) and the precedent interpreting it, the Amended Complaint is well-pled, it alleges a claim for violation of the TCPA which is plausible as pled, and Defendant's Motion fails to make any showing of any basis for dismissal of the cause of action for violations of the TCPA in the Amended Complaint, and Defendant's Motion must be DENIED.

### D. Defendant Offers No Basis for Dismissal of Plaintiff's Cause of Action for Violations of the FBPA

Defendant's allegations regarding the Amended Complaint's cause of action for numerous violations Fair Business Practices Act appear perfunctory and are without merit, being wholly insufficient to support the dismissal it seeks. In fact, its argument consists solely of an allegation regarding the sufficiency of the pleading to support an award of treble damages. Even if Defendant's argument here had merit, it would merely limit Plaintiff's recovery actual, exemplary and

other damages under the FBPA, not provide ground for dismissal of the Amended Complaint.

As with its allegations regarding the TCPA, Defendant once again contends that more specific, enhanced pleading is necessary, but fails to cite any rule, statute or precedent requiring any such specificity. Indeed, Defendant's entire argument that the facts alleged cannot plausibly support a finding that the numerous violations of the FBPA alleged in the Amended Complaint were intentional is specious.

Defendant dismisses as "conclusory" the allegation that its robocalls were intentional, despite specific allegations regarding the form and content of those calls which require a finding that the form and content of each such call was intentional, including that Defendant falsely disguised the purpose of the calls as a "survey", disguised the identity of the caller by having a computer identify-generate voice itself as a human being (such as the computer identifying itself as "Amy" in the call which Defendant has admitted placing), falsely identified calls placed to Plaintiff as being made from a "Cell Phone GA", used false or "spoofed" telephone numbers, and falsely stated that Defendant was

registered to do business in the State of Georgia.

It is absurd for Defendant to contend that any of these allegations, or the other specified violations of the FBPA in the Amended Complaint, could possibly have been *not* intentional. No possible argument can be made that any of the violations alleged in Count Two of the Amended Complaint were not intentional.

As Defendant has failed to assert any basis for dismissal of Count Two, Plaintiff asks the Court to also DENY this portion of Defendant's Motion.

**E. Defendant Offers No Basis for Dismissal of Plaintiff's Cause of Action for Violations of Plaintiff's Right of Privacy**

Defendant's allegations regarding the Amended Complaint's cause of action for violations of Plaintiff's privacy rights also appear perfunctory in nature, and included merely due to the fact that dismissal of the cause of action for violating the TCPA would be insufficient to support its requested dismissal of the Amended Complaint *in toto*.

The entirety of Defendant's asserted ground for dismissal of Count Three is to once again assert that enhanced pleading is required. Defendant can cite no basis for requiring special pleading for violation of Plaintiff's right to privacy, and

none is required by Rules 8 or 9. In addition, even if such enhanced pleading was required, the allegations in Count Three are pled with such specificity as to give Defendant fair notice of what the claim is and the grounds upon which it rests, and plausibly give rise to an entitlement of relief. Once again, Defendant does not offer any rationale that the specificity in the Amended Complaint's allegation makes this claim implausible, or that any essential element of this cause of action is not well-pled.

Therefore, as with Defendant's assertions regarding violations of the TCPA, the enhanced pleading requirement Defendant seeks here would exceed and directly violate the pleading requirements of Rule 8(a)(2), and Defendant's request that Count Three be dismissed should also be DENIED.

## 2. Conclusion

Defendant bases its second Motion to Dismiss almost entirely upon asserted requirements for a pleading for which it can cite no precedent, with each requirement Defendant asserts is necessary plainly being in excess of the pleadings required by Rule 8(a)(2). Defendant fails to assert than any essential element of any of the three causes of action is not sufficiently pled. Further, Defendant offers

no basis at all for dismissal of Count Two, merely asserting that one of the several recoveries potentially available to Plaintiff under the FBPA should not be available to Plaintiff, which cannot possibly support the requested dismissal of that cause of action.

Therefore, Plaintiff asks that this Court DENY Defendant's Motion to Dismiss.

**Local Rule 7.1.D Certification:**

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14 point font in compliance with Local Rule 5.1B.

Respectfully submitted this 23d day of February, 2016.

Bound Law Firm, LLC

/s/  Thomas A. Bound
Thomas A. Bound
Ga. Bar No. 070320
 Attorney for Plaintiff
1000 Parkwood Circle, Suite 900
Atlanta, Georgia  30339
Telephone (678) 830-2355
Facsimile (470) 299-9552
TBound@protectingyourrights.org

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

THOMAS A. BOUND          :
                               :

     Plaintiff,               :
                               :       CIVIL ACTION FILE NO.
     v.                         :       1:15-cv-02856 LMM

                               :
GRAND BAHAMA CRUSE LINE,   :
LLC, and CRUISE OPERATOR, INC.:
                               :
Defendants.              :

## CERTIFICATE OF SERVICE

I certify that on February 23, 2016, I served a true and correct copy of

**PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT GRAND**

**BAHAMA CRUISE LINE'S MOTION TO DISMISS** upon counsel of record

pursuant to F.R.Civ.P. 5 and Local Rule 5.1A electronically through ECF filing, as

follows:

Nicole Wolfe Stout
nws@strawlaw.com, pkd@strawlaw.com
Jason Wagner
jwagner@wsdllp.com
Marvin P. Pastell, II, Esq.
mpastel@wczlaw.net

Eric B. Coleman, Esq.
ecoleman@wczlaw.net
Richard W. Epstein
Richard.Epstein@gmlaw.com
Jeffrey A. Backman
Jeffrey.Backman@gmlaw.com

/s/ Thomas A. Bound
Thomas A. Bound
Ga. Bar No. 070320
Attorney for Plaintiff
1000 Parkwood Circle, Suite 900
Atlanta, Georgia 30339
Telephone (678) 830-2355
Facsimile (470) 299-9552
TBound@protectingyourrights.org