IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS A. BOUND, :
:
:
Plaintiff, :
:
v. :
:
GRAND BAHAMA CRUISE LINE, : CIVIL ACTION NO.
LLC, : 1:15-CV-2856-LMM
:
Defendant. :

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Contempt [69]. After a review of the record and due consideration, the Court enters the following order:

On February 21, 2017, Defendant filed Articles of Dissolution with the State of Florida, naming Rita Medrano as Manager/Sole Member authorized to wind down Defendant's activities. On March 6, 2017, Plaintiff obtained a consent judgment in this Court against Defendant for $577,500 plus $535.84 in costs. Thereafter, Plaintiff served Post-Judgment Interrogatories to Defendant on its counsel on March 9, 2017. On March 10, 2017, this Court granted Defendant's counsel's Motion to Withdraw, which had been pending since February 23, 2017. On April 17, 2017, Plaintiff wrote a letter to Rita Medrano, advising her that the discovery responses were now due and no response had been received.

On June 14, 2017, this Court granted Plaintiff's unopposed motion to compel Defendant to comply with the post-judgment discovery and to pay his expenses in serving the discovery. On June 27, 2017, Plaintiff mailed Defendant, care of Rita Medrano, a copy of this Court's order compelling discovery responses. On July 14, 2017, Plaintiff mailed another letter to Defendant, care of Rita Medrano, that its responses were still due. Per the USPS tracking information, this letter was delivered to "front desk/reception."

On July 27, 2017, Plaintiff mailed a letter to Bethany Worstell, whom Defendant previously identified as "its sole member and owner" via U.S. Mail. This letter was returned, and the USPS provided an alternative address for Worstell. Plaintiff then mailed the same correspondence to Worstell's new address on August 4, 2017.

On August 11, 2017, Plaintiff filed this motion, seeking to hold Defendant in contempt for failing to respond to post-judgment discovery. Plaintiff seeks to have Medrano and Worstell incarcerated and the company pay a $1000/day fine to compel compliance.

**1. Legal Standard**

Plaintiff does not clearly state the legal basis for his motion, but it appears he is requesting the Court rely on its inherent authority to impose contempt sanctions. See Shillitani v. United States, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); In re Sunshine Jr. Stores, Inc., 456 F.3d

1291, 1304 (11th Cir. 2006) ("'[t]he key to unlocking a court's inherent power is a finding of bad faith.'") (quoting Byrne v. Nezhat, 261 F.3d 1075, 1121 (11th Cir. 2001)). "The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief." Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1304 (11th Cir. 1991) (quoting EEOC v. Guardian Pools, Inc., 828 F.2d 1507, 1515 (11th Cir. 1987)).

A burden-shifting scheme applies to a civil contempt finding. First, Plaintiff must establish by clear and convincing evidence that Defendant violated the Court's orders. Citronelle, 943 F.2d at 1301. "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002)

Once Plaintiff makes that showing, the burden of production shifts back to Defendant to "produce evidence explaining [its] noncompliance." Id. Defendant must offer proof beyond a "mere assertion of inability" and "introduce evidence supporting [its] claim" which proves Defendant has made "in good faith **all** reasonable efforts to comply." Id. (emphasis added).

> Civil contempt sanctions may be imposed for either or both of two distinct purposes, to coerce compliance with a court order, and to compensate the complainant for actual losses sustained by him as the result of the defendants' contumacy. If the fine is compensatory, it is payable to the complainant and must be based on proof of the complainant's actual loss. If the fine is coercive it is paid into the court registry, not to the complainant. In this instance the court

3

> must consider the character and magnitude of the harm threatened by the continued contumacy, and the probable effectiveness of any suggested sanction bringing about the result desired.

In re Chase & Sanborn Corp., 872 F.2d 397, 400-01 (11th Cir. 1989) (internal citations omitted). As Defendant has not filed an opposition to Plaintiff's Motion, it would be difficult for it to meet its burden if Plaintiff can first prove Defendant violated the Court's Order.

**2. Discussion**

The Court finds that Plaintiff has not established by clear and convincing evidence that Defendant was able to comply with and had actual notice of the Court's prior orders. Defendant's business was wound up in February 2017, and there is no evidence in the record that Medrano and Worstell serve in any capacity for Defendant at this time. Additionally, there is no evidence that Worstell and Medrano have the information that Plaintiff seeks since Defendant has been dissolved. And that USPS is the source of Plaintiff's address for Worstell is particularly concerning, as there is no proof that Worstell lives at the new address or received the correspondence.

Plaintiff has also not cited any authority for the proposition that it would be proper to incarcerate a former employee and member of a dissolved corporation for failing to respond to discovery when it is not entirely clear they received the prior Order or have the relevant information. Because the Court is not convinced that Defendant and its related former employees have received actual notice of this Court's prior Order, the Court is not inclined to find that

4

Defendant knows it needs to comply with this Court's prior Orders and thus was given an opportunity to comply. Accordingly, on the record before it, Plaintiff's Motion [69] is **DENIED**.

**IT IS SO ORDERED** this 8th day of September, 2017.

*Leigh Martin May*
Leigh Martin May
**United States District Judge**